GRANBY MERCANTILE CO. v. WEBSTER.

(Circuit Court, D. South Carolina. December 27, 1899.)

1. INTERNAL REVENUE—INSTRUMENTS REQUIRING STAMPS—ORDERS FOR PAYMENT OF MONEY.

A mercantile company, by an arrangement with a cotton-mill company, sold goods to employés of the latter, which paid the accounts therefor, on presentation, from wages due the employés. The mercantile company required each purchaser to sign an order on the mill company for the amount of his purchase, which orders, however, were not presented, but were filed and kept as vouchers by the mercantile company, which guarantied the correctness of the accounts it presented. *Held*, that such orders were "orders for the payment of money," within the terms of section 6 of the war revenue act of 1898, and required revenue stamps affixed thereto, and that, under the provisions of such section, requiring payment of the tax by the person or party who shall make, sign, or issue such orders, "or for whose use or benefit the same shall be made, signed, or issued," the mercantile company, as well as the signers, was liable to the government for the tax on the orders which were unstamped.

2. SAME—EVIDENCE ALIUNDE TO SHOW CHARACTER OF INSTRUMENT.

Where a written instrument is on its face one which requires an internal revenue stamp under the law, the purpose for which it was taken or used cannot be inquired into to affect its liability to the duty.

This was a suit brought under the provisions of Rev. St. § 3226, to recover back the amount of a tax exacted under the internal revenue law.

Wm. H. Lyles, for plaintiff.

Abial Lathrop, U. S. Atty., for defendant.

SIMONTON, Circuit Judge. The question presented in this case, lying, as it does, in a very narrow compass, is nevertheless important. The Granby Mercantile Company had an understanding with the Granby Mills,—whether put into formal contract or not does not ap-

pear. Under this contract or understanding the mercantile company sold goods to the operatives of the mills on credit. When the accounts for such sales were presented to the treasurer of the mills, they were paid out of the moneys due to the operatives making them for wages in the mills, the mercantile company guarantying the mills company the correctness of the several accounts. To protect itself, and as vouchers for each transaction, the Mercantile Company at each sale took from the purchaser an order in this form:

Columbia, S. C., ———.

Granby Cotton Mills: Pay to the Granby Mercantile Company ——— dollars ——— cents, for my account.                                                  ———————.

Witness: ———————.

The Granby Mercantile Company never presented these orders to the mills, but filed them away as vouchers, probably to be presented in case the maker disputed the account. The collector of internal revenue, discovering this mode of dealing, called upon the Granby Mercantile Company to affix the two-cent revenue stamp upon each of these orders. He insisted upon this demand, and the commissioner of internal revenue, upon an appeal to him, sustained the decision of the collector. The mercantile company paid the demand, 2 cents upon 15,847 orders, in all $316.94, and now brings suit for its repayment. Section 3226, Rev. St. U. S.

The collector proceeded under section 6 of the act of congress approved June 13, 1898, entitled "An act to provide ways and means to meet war expenditures and for other purposes," passed in 2d session of 55th congress. The section is in these words:

"That on and after the first day of July, eighteen hundred and ninety-eight, there shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters and things mentioned and described in Schedule A of this act, or for or in respect of the vellum, parchment, or paper upon which such instruments, matters or things, or any of them, shall be written or printed by any person or persons, or party who shall make, sign, or issue the same, or for whose use and benefit the same shall be made, signed, or issued, the several taxes or sums of money set down in figures against the same, respectively, or otherwise specified or set forth in the said schedule."

Schedule A, referred to in this section, requires a stamp of two cents on "bank check, draft, or certificate of deposit not drawing interest, or order for the payment of any sum of money drawn upon or issued by any bank, trust company, or any person or persons, companies or corporations, at sight or on demand." The collector requires a stamp upon instruments referred to in the case at bar because they are orders for the payment of money. There can be no doubt that they are orders for the payment of money, and nothing else. The language used can have no other interpretation. The plaintiff, however, says that, whatever may be their form, they were not intended for presentation, were never in fact presented, but were taken, kept, and filed by the mercantile company as vouchers for each sale. The case of U. S. v. Isham, 17 Wall. 496, 21 L. Ed. 728, says:

"The liability of an instrument to a stamp, as well as the amount of such duty, is determined by the form and face of the instrument, and cannot be affected by proof of facts outside the instrument itself."

And this rule commends itself. Were it necessary to inquire into all the circumstances attending the execution of an order for the payment of money, before it can be ascertained whether it be liable to the stamp tax, endless delay would be occasioned. The purpose of the tax—the prompt relief of the treasury—would be defeated.

The important question, however, is this: Who is liable for the stamp? The drawer of the order unquestionably is. He comes within the words of the act, being the person "who makes, signs, or issues" the order. But, besides this, the payment must be made by the maker, or by the party "for whose use or benefit the order shall be made, signed, or issued." In the case at bar, "for whose use or benefit" were these orders made or signed or issued? The transaction is this: The operative makes the purchase. He cannot or does not desire to pay cash. But the mercantile company is unwilling, or at least does not intend, to rely on the personal credit of the operative. It takes from him an order on the mills company, payable out of the account of the operative with the mill company. That is the security which the mercantile company takes, and it is taken for its benefit. Whether it be presented then, or is kept for presentation at some time in the future, if needed, or whether it be retained simply as a voucher,—a verification of the account,—it is taken for the use of the mercantile company. So that company comes within the words of the statute. It cannot be said that these words, "or for whose use or benefit the same shall be made, signed, or issued," apply to the drawer of the order. If this were so, the words quoted would be entirely superfluous, mere surplusage; nor would the disjunctive "or" have been used to connect these words with the words preceding. This seems conclusive of the question. Let an order be taken dismissing the complaint.