## MERCHANTS' WAREHOUSE CO. v. McCLAIN, Collector.

### (Circuit Court, E. D. Pennsylvania. January 17, 1902.)

### No. 44.

**1. STAMP TAX—IMPOSITION.**

Stamp taxes are imposed, not on transactions, but on documents.

**2. SAME—WAREHOUSE RECEIPTS.**

The stamp required by the war revenue act of 1898 on warehouse receipts refers to warehouse receipts current in the commercial world, or their legal equivalent.

**3. SAME.**

It is essential to such a receipt, however informal, that there should be an acknowledgment by the warehouseman that the goods are in his warehouse on store.

**4. SAME.**

A warehouse company, upon receipt at its warehouse of goods consigned to a party, sent through the mail a postal card, on the back of which was printed what is set forth in the text below. *Held,* that this did not constitute a warehouse receipt, and was not subject to a stamp.

(Syllabus by the Court.)

Sur rule for judgment non obstante veredicto on reserved point.

Action at law to recover of the defendant, as collector of internal revenue, stamp taxes paid under protest. At the trial the jury found for the plaintiff, subject to the following point reserved by the court in the nature of a special verdict·

"It being the undisputed evidence that the internal revenue taxes, amounting to $1,125.50, for which recovery is sought in this action, were assessed by the commissioner of internal revenue in Aug　t, 1900, against the plaintiff, the Merchants' Warehouse Company of Philadelphia, then and there engaged in the warehouse business, and were paid to the defendant, P. A. McClain, collector of internal revenue for the First district of Pennsylvania, by the Merchants' Warehouse Company, on the 11th of October, 1900, under protest, and that the said taxes were assessed under the United States stamp act, Schedule A, upon sundry documents in use by the said the Merchants' Warehouse Company, in form as follows:

### MERCHANTS' WAREHOUSE COMPANY.

Flour Warehouse, Market and Eighteenth Streets.

Philadelphia, .............., 190

The merchandise designated below is now at these warehouses, subject to your order, on payment of the freight and charges due thereon:

$.....................................................

| Car | Original | Lading | | Brand | B/L Req'd X |
|-----|----------|--------|--------|-------|-------------|
| | | Bbls. | Sacks | | |
| ............... | ............... | ............... | ............... | ............... | ............... |
| ............... | ............... | ............... | ............... | ............... | ............... |
| ............... | ............... | ............... | ............... | ............... | ............... |
| ............... | ............... | ............... | ............... | ............... | ............... |
| ............... | ............... | ............... | ............... | ............... | ............... |
| ............... | ............... | ............... | ............... | ............... | ............... |

PLEASE BRING THIS NOTICE

Merchandise not removed within ten days of date will be stored, subject to tariff of charges, and it is understood is at the owner's risk as to loss or damage by fire, unless insured through this company. Jacob Michel, Jr., Supt.

—the said taxes being at the rate of twenty-five cents on each transaction represented by the said postal card and storage receipt; that the first of the

said documents, to wit, the postal card, was used by the said company merely for the purpose of notifying the consignee of merchandise delivered at the warehouse of the said company for storage that the said merchandise had been so received, and that the said bills were made out after the said merchandise had been on storage for the period of free storage named in said notice, and were made out for the amount charged for the period that the said merchandise was to remain on storage, to wit, for fifteen, thirty, or sixty days, or as the case might be, and were receipted by the company and its name attached thereto when the said bills were paid, and not before; that neither the postal card nor the said storage bill was required to be presented or delivered up before the merchandise on storage was removed, the written order of the consignee only being required; that the said postal cards and storage bills had been in use for a number of years prior to the passage of the stamp act under which the said taxes were assessed, and were not used for the purpose of evading the provisions of the said act; and that the said company, at the time the postal cards and storage bills on which the said taxes were assessed, had in use, and issued on request, warehouse receipts, negotiable and nonnegotiable, on which taxes were duly paid by them, but that no such warehouse receipt was issued in any of the transactions for which the taxes in this case were assessed: The question of law is thereupon reserved whether, under the said facts, the plaintiff is entitled to recover, with leave, if the court should be of the opinion that it is not, to enter judgment, notwithstanding the verdict, in favor of the defendant."

R. C. Dale, for plaintiff.

The act of congress of June 13, 1898, provides for the payment of a stamp tax on a "warehouse receipt for any goods, merchandise or property of any kind held on storage in any public or private warehouse or yard." The goods must be on store, and the document must so declare them to be, to constitute it a warehouse receipt within the meaning of the statute or the commercial world.

J. Whitaker Thompson, Asst. U. S. Atty., for defendant.

The postal card is in form and effect a warehouse receipt. It is issued by a warehouse company for goods received at the warehouse, which are to be held on store. The form of such an acknowledgment is immaterial.

ARCHBALD, District Judge.[1] Where a tax is imposed on documents of a special character, to determine whether a stamp is required in any given case the form of the document is to be looked to, rather than the transaction of which it is a part. Or, as tersely put by the learned counsel for the plaintiffs, stamps are imposed, not on transactions, but on documents. In line with this it was held in U. S. v. Isham, 17 Wall. 496, 21 L. Ed. 728, that whatever, on its face, the instrument purports to be, that it is for the purpose of ascertaining the stamp to be affixed to it, which is not to be affected by proof of facts outside of it with regard to its real character. This was followed in Mercantile Co. v. Webster (C. C.) 98 Fed. 604, where the attempt was unsuccessfully made to show that certain instruments, which in form were orders for the payment of money, and so subject to a tax, were never used in that capacity, but only to vouch the correctness of the transaction in which they were employed, and to bind the parties who gave them. I do not understand, however, from either of these

[1] Specially assigned.

cases, that the instrument is to be entirely divorced from the circumstances under which it is given; and, indeed, I do not well see how it could be, since we must, to some extent, look to the connection, to know just what it is with which we are dealing, but only that it is not to be controlled by them where, by its form, it manifestly bears a specific character.

In the case in hand the question is as to the character of the papers taxed as warehouse receipts. "A warehouse receipt is a receipt issued by a warehouseman for goods deposited in his warehouse. It need not be in any particular form, but it usually, after describing the property, contains an agreement on the part of the warehouseman to redeliver the property on demand to the bailor or his order." 28 Am. & Eng. Enc. Law (1st Ed.) p. 672. In Harris v. Bradley, 2 Dill. 284, Fed. Cas. No. 6,116, an instrument executed by a warehouseman as follows: "Received in store for account of Bailey & Weightman, 3,000 sacks of corn,"—was held to be such a document; and a similar paper was construed the same way in Rahilly v. Wilson, Fed. Cas. No. 11,531. But, however informal, the essential thing in such a receipt is an acknowledgment by the warehouseman that the goods are in his warehouse on store, and this is just what is lacking in the papers taxed.

It was conceded at the argument that nothing could be claimed on the one, which is merely a form of receipt given for storage paid. The only question is as to the other, found on the back of the postal card. The fact that it is printed on such a card, to be sent through the mail to the consignee of goods delivered at the plaintiff's warehouse, is of no special moment, if it otherwise fulfills the requirements of a warehouse receipt; but, as already intimated, it does not. The party to whom the card is addressed is notified, according to its terms, that: "The merchandise designated below is now at this warehouse [Market and Eighteenth streets, Philadelphia], subject to your order, on payment of the freight and charges due thereon." Then follows a specification of the goods, giving the car in which they came, the number of barrels or sacks, and the brand by which they are marked. At the foot of the card it is further declared that: "Merchandise not removed within ten days of date will be stored subject to tariff of charges, and it is understood is at the owner's risk as to loss or damage by fire, unless insured through this company." If anything is clear from this, it is that at the time of the notification conveyed by the card the goods, while at the warehouse, are not on storage, nor subject to storage charges or conditions, and will not be until the expiration of 10 days, and are, in the meantime, at the owner's risk, the ordinary responsibility of warehousemen in that respect not being assumed. This being so, the instrument is not in fact or effect a warehouse receipt. What is sought to be taxed by the revenue act is the warehouse receipt current in the commercial world, or its legal equivalent; and an essential feature of such a document is wanting in the one before us, in that it fails to declare that the goods are on store in the warehouse, without which it does not bear that character.

The rule for judgment non obstante veredicto is discharged, and judgment is directed to be entered on the verdict in the plaintiff's favor.