McCLAIN, Collector of Internal Revenue, v. MERCHANTS' WAREHOUSE CO.

(Circuit Court of Appeals, Third Circuit. May 5, 1902.)

No. 13.

INTERNAL REVENUE—STAMP TAX—WAREHOUSE RECEIPTS.

> Postal cards sent out by a warehouse company on receipt at its warehouse of goods consigned to a party, reciting: "The merchandise designated below is now at these warehouses subject to your order on payment of the freight due thereon. * * * Merchandise not removed within 10 days from date will be stored subject to tariff of charges," etc.,—are not warehouse receipts, within Schedule A of the war revenue act of June 13, 1898 (30 Stat. 458), and are not subject to stamp tax as such.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

J. Whitaker Thompson and James B. Holland, for plaintiff in error. R. C. Dale, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. The defendant in error brought an action in the circuit court for the Eastern district of Pennsylvania to recover the sum of $1,126.50, which it had paid under protest to the plaintiff in error, collector of internal revenue, as taxes upon certain documents which the collector claimed were warehouse receipts, and as such liable to stamp tax under Schedule A of the war revenue act of June 13, 1898 (30 Stat. 458). The facts being undisputed, the court, reserving the point of law involved, directed a verdict for the plaintiff below, which, subject to that reservation, was accordingly rendered. Thereafter the defendant moved for judgment non obstante veredicto, and to the court's denial of that motion (112 Fed. 787) and its entry of judgment for the plaintiff below upon the verdict, this writ of error was taken.

The instruments to which the argument submitted on behalf of the plaintiff in error has been exclusively directed were printed upon postal cards, and were in form as follows:

Please bring this notice.

Merchants' Warehouse Company.
Flour Warehouse, Market and Eighteenth Streets,
Philadelphia,                    190

The merchandise designated below is now at these warehouses, subject to your order, on payment of the freight and charges due thereon:

| Car. | Original. | Lading. | | Brand. | B/L Req'd X |
| | | Bbls. | Sacks. | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Merchandise not removed within ten days of date will be stored subject to tariff of charges, and it is understood is at the owner's risk as to loss or damage by fire, unless insured through this company.

Jacob Michel, Jr., Supt.

The only question is whether such a communication as this is (in the words of Schedule A) a "warehouse receipt for any goods, merchandise, or property of any kind held on storage in any public or private warehouse." We are of opinion that it is not. A warehouse receipt is a familiar commercial instrument, which stands in no more need of defining than does a bill of lading. But the definitions which the appellant has supplied may be accepted. They are not inclusive of the paper under consideration. It is not a receipt for goods "received for storage," with "an agreement on the part of the warehouseman to redeliver the property on demand to the bailor or his order." It is simply a notification to the consignee that the merchandise designated is at the warehouse for delivery, on payment of the freight and charges due to the railroad company by which it had been transported. It does not state that the goods were then "held for storage," and the inference that they were so held, if otherwise possible, would be precluded by its declaration that "merchandise not moved within ten days of date will be stored, subject to tariff of charges," etc. The extrinsic facts, which, as we have said, were undisputed, accord with this construction of the terms of the document itself. These postal cards were, and for a long time had been, used only for the purpose of notifying the consignees of the arrival of merchandise, whereas for merchandise really taken on storage the defendant in error issued acknowledgments which, in fact and in law, were unquestionably warehouse receipts, and were distinctly unlike the mere note of apprisal with which this cause is concerned.

The judgment of the circuit court is affirmed.