## DANVILLE BUILDING ASS'N v. PICKERING, Internal Revenue Collector, et al.

(District Court, S. D. Illinois, S. D.   October 5, 1923.)

### No. 17061.

1. **Internal revenue ⬅19(1)—Loan contract of stockholder in building association held subject to stamp tax as "bond of indebtedness."**

An instrument executed by a stockholder in a building association, acknowledging an indebtedness to the association, secured by mortgage and pledge of his stock, by which he promises to pay the association interest and dues on his stock monthly, to pay the taxes on the property and keep the same insured, and for default authorizes forfeiture of his stock and foreclosure of the mortgage, held a "bond of indebtedness,"

within the meaning of Revenue Act 1918, § 1100, and Schedule A (1), being Comp. St. Ann. Supp. 1919, §§ 6318i, 6318p, and subject to stamp tax thereunder.

2. Internal revenue ☞19(1)—Taxability of instrument determined by its face.
    Whether or not an instrument is subject to stamp tax must be determined from its face, and what it is named by the parties is immaterial.

At Law. Action by the Danville Building Association against John L. Pickering, Collector of Internal Revenue, and others. On demurrer to declaration. Demurrer sustained.

FITZHENRY, District Judge. This is an action at law to recover of the defendant Pickering, as collector of internal revenue, stamp taxes paid under protest. Plaintiff is a building and loan association, operating under the Illinois Building, Loan and Homestead Act (Hurd's Rev. St. 1921, c. 32, § 78), which makes loans to members or shareholders. When a loan is made, the member is required to assign his certificate of shares to the association as collateral security for the amount of the loan, to execute an instrument called a "contract," and to convey by mortgage to the association the real estate upon which the loan is used, to secure the repayment of the loan, according to the provisions of the contract. The collector of internal revenue found the instrument described as a contract to be in fact a bond, within the description of title XI, Schedule A, paragraph 1, of the Revenue Act of 1918. A tax was collected in the sum of $1,537.90. It was paid under protest by the association, an appeal was prosecuted to the Commissioner, as required by the statute, and the findings and the action of the collector were affirmed.

[1] The alleged document, labeled on its back a "contract," is as follows:

"Be it known, that ———, party of the first part, are justly indebted to Danville Building Association, a corporation, of Danville, Illinois, party of the second part, in the sum of ——— dollars, which has been by said second party loaned to said first party in full payment of ——— shares of the ——— class ——— series of the capital stock of said second party, owned by first party, and evidenced by certificate No. ———, which certificate is hereby assigned to said second party as collateral security for said loan, under and by virtue of the by-laws of said second party.

"And in consideration of said advanced loan so being made, said first party hereby agrees to pay said second party on the last Saturday of each month hereafter, at the office of its secretary, in Danville, Illinois, the sum of ——— dollars as the monthly dues on said ——— shares of stock and interest at the rate of ——— per cent. per annum, plus or minus such an amount as may be hereafter fixed by the by-laws of said corporation as additional or lesser interest, it being hereby expressly agreed and understood that the present by-laws of said association provide for loans at ——— per cent. per annum, but that in the event said by-laws are hereafter modified or changed, so that said interest rate is lowered or raised, then and in that event said party of the first part agrees to pay on the last Saturday of each month interest at the rate so fixed by any such amended by-law or by-laws. Said second party shall also pay all fines assessed on said stock, as provided in the by-laws of said second party. This agreement shall remain in full force until each member of said second party owning stock in said class and series above mentioned shall have received on each share of his stock one hundred dollars.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"And said first party further agrees that they will in due season pay all taxes and assessments on the premises mentioned in a mortgage executed this day by said first party to said second party to secure this agreement, and will exhibit once a year to the secretary of said second party receipts of the proper persons or officers, showing payment thereof, until the expiration of the time for which this agreement is to run, and will keep constantly insured, in a company or companies and agency party of the second part may designate, all buildings that may at any time be on said premises during the continuance of said indebtedness for not less than ———— dollars against loss or damage by fire, lightning, and ———— dollars against loss or damage by cyclone, loss, if any, on all policies carried payable to party of the second part to the extent of its mortgage interest, and deposit the policy or policies with party of second part before the expiration of existing insurance, and in case said party of first part shall fail to keep or pay for keeping said buildings insured, and to deposit policy or policies as aforesaid, and to pay said taxes and assessments, then without notice, party of the second part shall have full right and authority to procure and pay for said insurance, and to pay said taxes and assessments, and pay for continuation of abstract of title for said premises, and the amount so paid shall constitute a part of the debt secured by this instrument, and shall bear seven per cent. interest per annum from the time of such payment.

"And said first party hereby agrees that in case default shall be made for the space of six months in the payment of any installment of dues, or interest, or in the payment of any fine, or if default shall be made for the space of sixty days in the payment of any insurance premium or tax or special assessment, or abstract bill, said party of the second part shall have the right to declare the said shares of stock forfeited and the entire debt due, payable and recoverable, in which event said second party shall have the right to apply the amount so paid in dues on said indebtedness. Said second party shall thereupon have the right by virtue of the by-laws of said second party, which by-laws now in force and hereafter enacted are hereby declared to be a part of this contract.

"In case of such foreclosure, said first party agrees to pay all costs of suit, including a reasonable attorney's fee, to be added to and made part of said judgment or taxed as costs, and does hereby agree that on the filing of such bill a receiver of said premises may be appointed without notice and before summons served, which said receiver shall have a right to take immediate possession of said premises or collect rent therefor.

"Dated this ———— day of ————, A. D. ——.

"————————. [Seal.]
"————————. [Seal.]
"————————. [Seal.]
"————————. [Seal.]

"Signed, sealed and delivered in presence of
    "————————.
    "————————."

It is contended by the plaintiff that the document is a "contract or evidence of indebtedness," and is not subject to taxation within the meaning of Schedule A; that the stamp tax was wrongfully collected and that it should be recovered. Defendant demurs to the declaration.

The following sections of the statute are material to the determination of the issues raised by the pleadings:

Revenue Act of 1918 (Act Feb. 24, 1919), title XI, 40 Stat. 1057 (Comp. St. Ann. Supp. 1919, § 6318i):

"Sec. 1100. That on and after April 1, 1919, there shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in Schedule A of this title, or for or in respect of the vellum, parchment, or paper upon which such instruments,

matters, or things, or any of them, are written or printed, by any person who makes, signs, issues, sells, removes, consigns, or ships the same, or for whose use or benefit the same are made, signed, issued, sold, removed, consigned, or shipped, the several taxes specified in such schedule. The taxes imposed by this section shall, in the case of any article upon which a corresponding stamp tax is now imposed by law, be in lieu of such tax. * * *

"Sec. 1102. That whoever—(a) makes, signs, issues, or accepts, or causes to be made, signed, issued, or accepted, any instrument, document, or paper of any kind or description whatsoever without the full amount of tax thereon being duly paid, * * * is guilty of a misdemeanor and upon conviction thereof shall pay a fine of not more than $100 for each offense." Comp. St. Ann. Supp. 1919, § 6318k.

"Schedule A.—Stamp Taxes. 1. Bonds of indebtedness: On all bonds, debentures, or certificates of indebtedness issued by any person, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 5 cents: Provided, that every renewal of the foregoing shall be taxed as a new issue: Provided further, that when a bond conditioned for the repayment or payment of money is given in a penal sum greater than the debt secured, the tax shall be based upon the amount secured." Comp. St. Ann. Supp. 1919, § 6318p.

Schedule A requires the stamps shall be affixed to "bonds" and "certificates of indebtedness." The question is: Does the instrument in question come within that description? It has been very tersely said that a bond is merely an obligation under seal. Commonwealth v. Smith, 10 Allen (92 Mass.) 448, 87 Am. Dec. 672. In Rawson v. Taylor, 69 Neb. 473, 95 N. W. 1033, it is said:

"A bond may be briefly defined to be sealed obligation to pay money."

Blackstone defines a bond as: "A deed whereby the obligor obliges himself, his heirs, executors, or administrators, to pay a certain sum of money at a day appointed."

See Williams v. State, 25 Fla. 734, 6 South. 831, 6 L. R. A. 821; Rondot v. Rogers Twp. 99 Fed. 202, 39 C. C. A. 462.

In Courand v. Vollmer, 31 Tex. 397, it was said:

"A bond is what binds. Therefore any instrument in writing that legally binds a party to do a certain thing may be called a bond."

An examination of the above instrument will disclose the following obligations:

First, the first party acknowledges that he is indebted to the second party in the sum of $————.

Second, the first party assigns as collateral security for the said loan certificate No. ———— evidencing his ownership of shares of stock in the association.

Third, the first party agrees to pay to the second party the sum of $———— as monthly dues on his shares of stock, together with interest payable monthly.

Fourth, the first party agrees to pay all taxes and assessments on the premises *mentioned in the mortgage accompanying the bond* and to keep such premises insured in favor of the second party to the extent of the mortgage interest of the second party therein.

Fifth, in case of default by the first party the second party shall have the right to declare the shares of stock forfeited and the entire

amount of the loan due and the second party shall have the right to bring foreclosure proceedings at the cost of the first party.

The instrument is required to be executed under seal. In the light of these obligations, the court feels that the instrument comes clearly within the class of documents described, and that it is not only a bond, obligating the borrower to do certain things, but to do them under the penalty of forfeiture and foreclosure, and is a taxable instrument.

[2] The mere fact that it is labeled a "contract" does not take it outside the provisions of the statute. The instrument speaks for itself, and whether it is taxable or not must be determined from its face. United States v. Isham, 17 Wall. 496, 21 L. Ed. 728; Malley v. Bowditch, 259 Fed. 809, 170 C. C. A. 609, 7 A. L. R. 608; Merchants' Warehouse Co. v. McClain (C. C.) 112 Fed. 787; Home Title Ins. Co. of N. Y. v. Keith (D. C.) 230 Fed. 905.

It is claimed by plaintiff that it is not a certificate of indebtedness, within the meaning of article XI, Schedule A, paragraph 1, because it is nonnegotiable and nonassignable, and that it has none of the attributes of an investment security, such as a certificate of indebtedness. The statute and the regulations prescribed by authority thereof provide no such exceptions.

It is claimed that the document in question is not a bond of indebtedness because it calls for no surety, it indemnifies nobody and has no penalty for its breach, and, although it is under seal, the seal is not essential to its validity. It was not the theory of the collector that this is an indemnity or surety bond. In determining the question of liability for the tax, we look to its form and substance and not particularly to its operation. United States v. Isham, supra. The fact that the seal was unnecessary would not alter the situation, any more than it would if the writing itself was unnecessary. In re Capitol Trading Co., Inc. (D. C.) 229 Fed. 806. It is sufficient that it is conditioned for the repayment of money, to be taxed.

It is also contended, by way of justification for its conception, that Exhibit A was provided to take out of the mortgage a number of provisions that made it expensive to have the mortgage recorded according to the recording laws of the state of Illinois. The reasons for the execution of the instrument are also immaterial. Judged by its face and form, which is the only way courts may pass upon the taxability of such a document, the instrument is clearly a bond of indebtedness within the meaning of paragraph 1 of Schedule A. It is a bond conditioned for the repayment of money, such as is referred to in the second provision of paragraph 1. It is exactly the kind of an instrument that is referred to in article 3 of Regulations 55, as a "bond accompanying a mortgage." That it is such a bond, and subject to the stamp tax provision of title XI of the Revenue Act of 1918, this court has no doubt.

The demurrer to the declaration will be sustained.