GOODYEAR TIRE & RUBBER COMPANY *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 90. Submitted December 9, 1926.—Decided January 3, 1927.

In the provision in the Revenue Acts of 1918 and 1921, imposing a stamp tax of two cents per " $100 of face value or fraction thereof " on transfers of the legal title to shares or certificates of stock, " face value " is synonymous with par value. The par value fixed by the corporate charter at the time of transfer of a certificate is the true par value and must control, in assessment of the tax, over any different par value stated on the face of the certificate. P. 102.

60 Ct. Cls. 486, reversed.

APPEAL from a judgment of the Court of Claims rejecting a claim for recovery of an excessive tax.

*Messrs. George Rublee* and *Spencer Gordon* for the appellant, submitted.

*Solicitor General Mitchell* for the United States, was unable to support the reasoning of the Court of Claims,

but felt constrained to present the case fully, in defer-
ence to the views of that Court.

MR. JUSTICE STONE delivered the opinion of the Court.

Prior to April 11, 1921, the par value of the outstand-
ing capital stock of appellant, an Ohio corporation, was
$100 per share.   On that date this par value was reduced
to $1 a share by appellant's filing a proper certificate of
reduction with the Secretary of State, pursuant to the
laws of Ohio.   No new certificates of stock were issued
in place of the old which remained outstanding and stated
on their face that they were of the par value of $100.
After the reduction of the par value of the stock, the
holders of 534,849 shares, evidenced by the old certifi-
cates, transferred them to voting trustees in order to
carry out a plan of reorganization.   The Commissioner
of Internal Revenue demanded a stamp tax on the trans-
fer computed upon the apparent par value of $100 as
indicated on the face of the certificates and not on the
actual reduced value of $1 per share, which appellant
contended was the proper tax base.   Appellant paid the
tax at the higher rate under protest and brought suit in
the Court of Claims to recover the excess.   From a judg-
ment in favor of the government, the case comes here
on appeal.   Jud. Code, § 242, prior to the amendment
of February 13, 1925.

The sole question presented is whether the tax assessed
is to be measured by the actual par value of the stock
as disclosed by the amended charter of the corporation
at the time of the transfer, or by the value printed on
the certificates themselves.   The applicable revenue
statutes are the Act of 1918 and 1921, as some of the
transfers here involved were made while the Act of 1918
was in force and others after the Act of 1921 had taken
effect.   Section 1100 and Schedule A of Title XI of the
Revenue Act of 1918 (February 24, 1919, c. 18, 40 Stat.

1133, 1135), which, so far as material here, are indentical with § 1100 and Schedule A of Title XI of the Revenue Act of 1921 (November 23, 1921, c. 136, 42 Stat. 301, 304), impose a stamp tax of 2¢ per " $100 of face value or fraction thereof " " on all sales, or agreements to sell, or memoranda of sales, or deliveries of, or transfers of legal title to shares or certificates of stock." The pertinent provisions of this section are printed in the margin.*

The tax is not a tax on certificates of stock but upon the transfer of legal title of shares or certificates of stock. Compare *Provost* v. *United States*, 269 U. S. 443. The payment of the tax must be evidenced by stamps to be affixed either to the delivered certificate or other document manifesting the transfer. The Treasury Department has consistently ruled that the tax applies to transfers even though no certificates be issued, 40 Treas. Regulations, Art. 12(b)

The statutory measure of the tax is the " face value " of the stock transferred. It was conceded by the government, both here and below, that the phrase " face value " in the statute is synonymous with par value. It is used in contradistinction to the actual value which is made the measure of the tax when applied to non-par value stock which the statute describes as " without par or face value." To say that the term face value is intended to apply to a fictitious statement of value on the face of the certificates, having no relation to the actual par value, would be to give the statute a strained construction and

* " Capital stock, sales or transfers: On all sales, or agreements to sell, or memoranda of sales or deliveries of, or transfers of legal title to shares or certificates of stock . . . whether made upon or shown by the books of the corporation, or by any assignment in blank, or by any delivery, or by any paper or agreement or memorandum or other evidence of transfer or sale, whether entitling the holder in any manner to the benefit of such stock, interest, or rights, or not, on each $100 of face value or fraction thereof, 2 cents, and where such shares are without par or face value, the tax shall be 2 cents on the transfer or sale or agreement to sell on each share, . . ."

open the way for evasion. Obviously the face or par value of the stock transferred is to be determined by an inspection of the instrument which alone fixes par value, namely, the corporate charter. The statements in the certificate of incorporation as amended and not those appearing on the face of the stock certificates control. It follows that the measure of the tax here was the actual par value of the stock transferred and that a recovery of the excess tax paid should have been allowed.

This conclusion is not inconsistent with the decision in *United States* v. *Isham,* 17 Wall. 496, urged in support of the assessment as made. There, in applying a documentary tax, the form and terms of the instrument controlled in determining whether the instrument was subject to the tax. Compare *Malley* v. *Bowditch,* 259 Fed. 809; *Danville Building Ass'n.* v. *Pickering,* 294 Fed. 117; *Haverty Furniture Co.* v. *United States,* 286 Fed. 985; *Merchants' Warehouse Co.* v. *McClain,* 112 Fed. 787; *Granby Mercantile Co.* v. *Webster,* 98 Fed. 604. But here the tax was levied on the transfer rather than on any particular document and applies to transfers not evidenced by a writing. It is measured by evidence extrinsic to any document to which the stamp is affixed, found only in the corporate charter.

*Judgment reversed.*