## WHITE v. CONSOLIDATED EQUITIES, Inc.

### No. 3009.

Circuit Court of Appeals, First Circuit.

June 20, 1935.

See, also, 9 F. Supp. 145.

Joseph M. Jones, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., on the brief), for appellant.

Edward C. Thayer, of Boston, Mass. (Earle W. Carr, and Gaston, Snow, Saltonstall & Hunt, all of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an action at law to recover back stock transfer taxes which the plaintiff claims were illegally exacted on certain transactions not properly subject thereto. The statute involved is the Revenue Act of 1926, title 8, Schedule A (3), 26 USCA § 901, Schedule A (3). The case was tried jury waived; the District Judge found in favor of the plaintiff; and the collector has appealed. There appears to have been no controversy as to the basic facts, the question being whether they warranted a finding for the plaintiff.

The controversy arises over the manner in which the stock of certain newly organized corporations was issued. The shares were not sold directly to the public. Instead of so doing, the promoters established a voting trust; and certificates called "voting-trust certificates" were offered for sale to the public through brokers. These certificates represented shares of stock in the new corporations issued in the name of the trustees of the voting trust and held by a trust company as depository. The price of the certificates was the par value of the shares represented. On the sale of a certificate the price received for it was turned over by the broker to the corporation which in turn paid it to the trust company which acted as transfer agent for the new corporation and also as agent and depository for the trustees of the voting trust. This trust company thereupon issued in the name of the trustees as many shares of stock as were represented by the certificate, and it also issued in the name of the purchaser a voting trust certificate representing the same number of shares.

The collector contends that all stock so issued by these corporations must be considered in legal effect as issued originally to the purchaser and transferred by him to the trustees of the voting trust. He levied the tax in question on the assumed transfers from the purchasers to the trustees. The District Judge made elaborate findings of fact. On the evidence, which was both oral and documentary, he found that the purchasers did not contract for shares in the corporations, but for certificates in the voting trust. The full evidence is not reported; but the collector's position is that on the facts which are before us sufficient appears to show that the District Judge's finding for the plaintiff was not warranted.

The District Judge said in his opinion:

"It is obvious that what the customer of the broker purchased and what he received was a certificate representing a beneficial interest in stock which had been originally issued to voting trustees to hold for the benefit of the subscriber. This transaction involved no transfer of legal title to the shares, nor to any right to such legal title either from purchasers to trustees or from trustees to purchasers. * * * No transfer, actual or constructive, from the purchaser was necessary to vest the legal title in the voting trustees."

All the transactions appear to have been made upon form contracts which appear in the record. These contracts and the recitals of fact in the bill of exceptions fully support the findings and rulings of the District Judge. He found, on the collector's request, that the brokers "entered into an agreement with the voting trustees and United Equities Inc. (one of the corporations concerned) to secure subscriptions for *voting-trust certificates,* representing shares of United Equities Inc. at the price of $100 per share" (italics supplied); and that the brokers "proceeded to obtain subscriptions for voting-trust certificates." The facts stated show that the purchasers did not come into contact with the corporations and made no contracts representing these shares except through the brokers. It is true, as the collector contends, that in matters of this sort the statute requires that substance rather than form shall be considered, and that "all transfers of legal title to shares or certificates whether technical sales or not" are taxable (Provost v. U. S., 269 U. S. 443, 458, 46 S. Ct. 152, 155, 70 L. Ed. 352; Goodyear Co. v. U. S., 273 U. S. 100, 47 S. Ct. 263, 71 L. Ed. 558); but this does not warrant imputing to transactions a character substantially different from what they in fact were in order to make them taxable. In the cases relied on by the collector there was an acquisition of the shares, or of the right to them, by the purchaser which was transferred to other parties. Consolidated Equities v. White (D. C.) 9 F. Supp. 145. Each case depends on its own facts. In the one before us the purchasers did not contract for the shares and consequently never transferred them or any right to them. See Shreveport-El Dorado Pipe Line Co. v. McGrawl (C. C. A.) 63 F.(2d) 202; Union Trust Co. v. Heiner (D. C.) 26 F.(2d) 391.

The judgment of the District Court is affirmed with costs.