## BAKER et al. v. UNITED STATES.
### No. 5937.

District Court, D. Massachusetts.
Dec. 10, 1937.

Ropes, Gray, Boyden & Perkins, Frank W. Crocker, and Charles C. Cabot, all of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., and E. F. McMahon, Sp. Asst. to Atty. Gen.

McLELLAN, District Judge.

This action at law to recover taxes paid to the defendant by the purchase and cancellation of stock transfer stamps was heard without a jury upon a stipulation of facts. The facts are as they appear in the stipulation, and in view of the briefs and the oral arguments, no extended summary of the facts there appearing seems necessary.

As stated in substance in the defendant's brief, the question presented is whether the admitted transfers of common voting trust shares or certificates constituted taxable transfers within the meaning of section 800 and Schedule A (3), Title VIII, of the Revenue Act of 1926, 44 Stat. 99 et seq., 26 U.S.C.A. § 900 and note, in view of articles 31–34 of Regulations 71 promulgated thereunder.

The stipulation says that the plaintiffs, hereinafter called the plaintiff, are the trustees of an investment trust. The plaintiff, on April 9, 1927, May 19, 1927, and October 10, 1927, issued 1,000,000, 500,000, and 375,000 of its common shares to another trust, first called Massachusetts Utilities Investment Trust Common Voting Trust, and later called Massachusetts Utilities Associates Common Voting Trust. In return therefor the voting trust delivered to the plaintiff certificates for a like number of its own shares. The certificates issued by the voting trust represented beneficial or equitable interests in the stock of the investment trust. These shares in the voting trust, owned by the plaintiff (the investment trust), were later sold to the public, and it was in connection with the transfer of such shares that the stamp taxes were collected.

The statutes heretofore cited disclose the intent of the Congress to impose a tax upon the transfer of the stock of a corporation or an association. The defendant contends that the transfer of an equitable interest, represented by certificates for shares in the voting trust, required stamps, because the voting trust is an association, and for the additional reason that the transfer of the voting trust shares was tantamount to a transfer of the shares in the investment trust.

There can be no doubt under the decisions of the Supreme Court of the United States that the absence of the right of control by the beneficiaries over the trustees does not prevent that which under the Massachusetts decisions is a trust from being an association for tax purposes. See Hemphill v. Orloff, 277 U.S. 537, 48 S.Ct. 577, 72 L.Ed. 978; Hecht v. Malley, 265 U.S. 144, 44 S.Ct. 462, 68 L.Ed. 949.

In view of the entire absence of control by the beneficiaries over the trustees of the voting trust, the question seems to be whether that trust can be regarded as engaged in business in such a sense as to warrant or require the conclusion that it is an association. An examination of the declaration of trust discloses that substantially the only powers of the trustees are to hold the legal title to stock in the investment trust until the year 1947 unless the trust res is sooner disposed of, exercise the exclusive management and control of the trust property, vote the shares, collect the dividends, and exercise the powers of common shareholders in the investment trust. The voting trust instrument provides that in the event of the sale of the trust res, the trust is to terminate, and the proceeds of such sale are to be distributed among the certificate holders. The declaration does not constitute the voting trust an association, notwithstanding any departmental regulations to the contrary.

Nor does the transfer of any portion of the equitable ownership represented by certificates for shares in the voting trust involve such a transfer of legal title to stock in the investment trust as to make the former transfer taxable. Whatever

may be said about dicta in cases decided by the Supreme Court of the United States or in other Circuit Courts of Appeals, I am bound by White v. Consolidated Equities, 1 Cir., 78 F.2d 435, 436, an action at law to recover stock transfer taxes, where the court said:

"The statute involved is the Revenue Act of 1926, title 8, Schedule A (3), 26 U.S.C.A. § 901, Schedule A (3) [26 U.S.C.A. § 900 note]. * * *

"The controversy arises over the manner in which the stock of certain newly organized corporations was issued. The shares were not sold directly to the public. Instead of so doing, the promoters established a voting trust; and certificates called 'voting-trust certificates' were offered for sale to the public through brokers. These certificates represented shares of stock in the new corporations issued in the name of the trustees of the voting trust and held by a trust company as depository. The price of the certificates was the par value of the shares represented. On the sale of a certificate the price received for it was turned over by the broker to the corporation which in turn paid it to the trust company which acted as transfer agent for the new corporation and also as agent and depository for the trustees of the voting trust. This trust company thereupon issued in the name of the trustees as many shares of stock as were represented by the certificate, and it also issued in the name of the purchaser a voting trust certificate representing the same number of shares."

On these facts, the Circuit Court of Appeals concluded that the transfer there described required the payment of no tax. I see no substantial distinction between that case and this. See, also, Pennroad Corporation v. Ladner, decided June 22, 1937, by the District Court for the Eastern District of Pennsylvania, 21 F.Supp. 575.

The plaintiff's request for special findings of fact, which is in substance that the facts are as they appear in the stipulation of facts and the exhibits thereto attached, is granted.

The defendant's six requests for conclusions of law and the defendant's motion for judgment are denied, subject to the defendant's exception.

What has been said makes it unnecessary to deal with the plaintiff's requests for rulings. The plaintiff's motion for judgment is granted, and to the allowance thereof the defendant's exception is saved.

Judgment is to be entered for the plaintiff in the sum of $35,599.44, with interest thereon according to law.