**HAMILTON NAT. BANK OF CHATTANOOGA v. UNITED STATES.**

No. 7566.

Circuit Court of Appeals, Sixth Circuit.

Nov. 10, 1938.

W. D. Moon, of Chattanooga, Tenn. (J. L. Foust, W. D. Moon, and Cantrell, Meacham & Moon, all of Chattanooga, Tenn., on the brief), for appellant.

Courtnay C. Hamilton, of Washington, D. C. (James W. Morris, Sewall Key, Courtnay C. Hamilton, and Phillip F. Dodson, all of Washington, D. C., and James B. Frazier, Jr., of Knoxville, Tenn., on the brief), for the United States.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge:

Appeal from a judgment dismissing appellant's petition to recover the aggregate amount of certain stamp taxes theretofore paid under protest upon participating certificates issued by appellant. Appellant made timely claim for refund, and upon its rejection this suit was instituted.

The sole legal question is whether the participating certificates were corporate securities within the provisions of the Revenue Act of 1926, 44 Stat. 9, Section 800, schedule A(1), 44 Stat. 101, 26 U.S.C.A. § 901, which imposed a tax of five cents on each $100 par value "On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities * * *."[1]

If the papers issued were securities within the statute, the tax was properly collected and the judgment must be affirmed.

Appellant is a national bank engaged in the usual banking business. Its stockholders own the stock of the Hamilton Securities Corporation, a Tennessee corporation engaged in lending money on mortgages and other securities. The Hamilton Securities Corporation had its offices in appellant's bank, and the method of doing business between it and appellant was in brief as follows:

Upon the application of an investor, appellant would receive his money and credit it to the so-called agency account, from which appellant would draw funds to acquire from the Securities Corporation or from others, mortgages which then were placed in a pool established to secure the participation certificates which were issued to each investor in return for his funds deposited in the agency account. Mortgage notes or bonds of face value sufficient to equal the value of outstanding certificates were held in the pool separate from the assets of the bank. Appellant reserved the right to and did substitute other securities for those in the pool. The participation certificates were registered and carried interest coupons numbered serially. Copy of

---

[1] The amendment of 1932 (Section 721, 47 Stat. 169, 272, 26 U.S.C.A. § 901) does not affect the legal question. The amount of tax is not in controversy.

the certificate and of the coupons attached thereto are printed in the margin.[2]

When mortgages were paid off, the sum realized would be credited to the agency

[2] United States of America
State of Tennessee

No....... $1,000.00
Participating Certificate
Hamilton National Bank of Chattanooga,
Agent.
Chattanooga, Tennessee
Date of Maturity.

The Hamilton National Bank of Chattanooga hereby certifies that it has sold to ... an interest of the par value of One Thousand Dollars in certain notes and/or bonds secured by first mortgage on real estate, bearing interest at not less than six per cent per annum and due and payable not more than three years after date hereof, which said notes and/or bonds have been, and other similar notes and/or bonds secured in like manner from the assets of the said Hamilton National Bank of Chattanooga in a special file, separate and apart from the assets of the said Hamilton National Bank of Chattanooga, and have been and will be labelled "property of Holders of Participating Certificates," the face value of which said notes and/or bonds so set aside shall and will at all times be equal to the face value of all the outstanding participating certificates evidencing ownership thereon. This participating certificate is the evidence of ownership of a proportionate interest in said notes and/or bonds so set aside, which its par value bears to the par value of the notes and/or bonds so set aside.

The said Hamilton National Bank of Chattanooga, Agent for the holder of this and similar participating certificates, may purchase any of said notes and/or bonds so set aside for the consideration of other notes and/or bonds for the same amount, with like security, substituting the same therefor, or by the purchase and cancellation of outstanding participation certificates evidencing ownership therein for the same amount.

The said Hamilton National Bank of Chattanooga will retain possession of said notes and/or bonds as the agent for the holders of this and other outstanding participating certificates evidencing ownership therein, and as such agent, will attend to the collection of the interest thereon and semi-annually, upon presentation of the proper coupon hereto attached, pay to the holder thereof his pro rata share of the interest collected on said notes and/or bonds and, at the maturity of this participating certificate will account to the holder hereof for the value of this participating certificate's pro rata interest of the principal of said notes and/or bonds.

In witness whereof the Hamilton National Bank of Chattanooga, as Agent, has caused its name to be signed hereto and its seal to be affixed by its authorized officer on the ...... day of .............., 19...

Hamilton National Bank of Chattanooga,
Agent,
By.....................
Vice President,
Cashier.

On the back thereof appears the following:

"Participating Certificate. Date...... Issued against First Mortgage real estate notes or bonds. $1,000.00 Interest payable................. Held as Agent by the Hamilton National Bank of Chattanooga, Chattanooga, Tennessee. Registered under the name of..........

"Transfer not recognized by bank until registered.

. "For value received .... hereby assign and transfer to .............. all my right, title and interest in and to the within certificate and authorize the transfer to be made on the books of the Hamilton National Bank of Chattanooga, Agent.

Witness my hand this the ......day of .........., 19...

"Witness...................

"This is to certify that the above transfer has been registered on the books of this bank.

"Hamilton National Bank of Chattanooga, Agent,
By.....................
Vice President,
Cashier."

There was attached a series of coupons reading as follows:

"No. ...... Coupon

"On the ...... day of .............., 19.., at the Hamilton National Bank of Chattanooga, at Chattanooga, Tennessee, the holder hereof, upon the surrender of this coupon, will be entitled to receive from the Hamilton National Bank of Chattanooga, Agent, the sum of Thirty Dollars, or the pro rata part thereof from the interest collected on certain first mortgage real estate notes and/or bonds set apart and labelled 'Property of Holders of Participating Certificates—not assets of the Hamilton National Bank of Chattanooga'—held by the Hamilton National Bank of Chattanooga as agent for the equal benefit of the holders of Certificates issued and outstanding evidencing ownership therein.

"Hamilton National Bank of Chattanooga, Agent,
"No.        .........., Vice President."

account and other securities would be acquired to replenish the mortgages in the pool.

While appellant's stockholders, by virtue of their ownership of the stock of the Securities Corporation, benefited by the profits in these transactions, appellant itself in no way profited by them.

Appellant contends that the participating certificate is not one of the documents described in the statute, and hence is not taxable.

■■ We think that the court correctly dismissed the petition. The fact that appellant made no profit is immaterial. The tax is levied not upon a profit, but upon the document itself, if it comes within the statutory definition. In physical form this paper had all the characteristics of a corporate security, and all the advantages inherent in that form. It was registered and numbered, assignable by endorsement, and carried interest coupons serially numbered. This is a matter of importance in the decision of stamp tax cases. Lawyers' Mortgage Co. v. Anderson, 2 Cir., 67 F.2d 889; Goodyear Tire & Rubber Co. v. United States, 273 U.S. 100, 103, 47 S.Ct. 263, 71 L.Ed. 558.

■■ While the participating certificate falls within the broader definitions of bond, debenture and corporate security given in certain standard dictionaries and digests [Cf. Mortgage Guarantee Co. v. Welch, 9 Cir., 38 F.2d 184, 186], we rest our decision upon the proposition (1) that it is a certificate of indebtedness, and (2) that it falls within the class of instruments known generally as corporate securities and described in the last clause of the schedule. In the certificate appellant not only agrees to pay to the holder his pro rata share of interest collected on the notes and bonds, but also at maturity to "account" to the holder for the value of his pro rata interest in the principal of such notes and bonds. Under it appellant was obligated to pay the certificate holder the pro rata value of the notes and bonds on the date of maturity of the certificate. Appellant contends that "to account" is not equivalent to "pay," although it concedes that it was under an obligation to "account in money." This, we think, is a distinction without a difference. Mortgage Guarantee Co. v. Welch, supra, held a similar certificate taxable under the same statute. The fact that in the certificate there construed the purchaser was

promised payment of the full amount of the face value of the certificate instead of the value of the pro rata interest in the securities in the pool, as in the instant case, is immaterial. The test is not the payment of par value as opposed to actual value, but the existence of an obligation to pay. Here such an obligation was stated on the face of the certificate, and hence the paper is a certificate of indebtedness. Cf. Lawyers' Mortgage Co. v. Anderson, supra; Title Guarantee & Trust Co. v. Bowers, 2 Cir., 67 F.2d 892.

■■ Appellant seeks to avoid the effect of these holdings, which turn partly upon a finding that similar certificates fall within the statute because they were "known generally as corporate securities," by emphasizing a finding of the District Court that "The Participation Certificates used by the plaintiff were not known as Corporate Securities, and were not generally regarded in Chattanooga and vicinity as Corporate Securities." We think that this finding is not equivalent to a finding that such certificates are not "known generally" as corporate securities. It was the intention of Congress to enact a broad and comprehensive provision in this statute [Willcuts v. Investors' Syndicate, 8 Cir., 57 F.2d 811], and the sweeping character of the provision under discussion supports the contention of the appellee that the term "corporate securities" is employed here in the general sense of evidences of debt. In Lederer v. Fidelity Trust Co., 267 U.S. 17, 45 S.Ct. 206, 69 L.Ed. 494, similar certificates were held to be corporate securities and taxable under the statute. We quote from the opinion (pages 21, 22, 45 S.Ct. page 207):

"As a matter of common speech, to which the statute refers, we have no doubt that these instruments would be known as corporate securities. They would be called so more accurately than some other documents which we believe also would be known generally by that name. Their purpose, as stated in the agreement of the trustee with the railroad, is to secure payment to the holder with interest. They do nothing else. We do not regard the precise limits of the Trust Company's undertaking as important. If it were only to collect and pay money received by the Company under the secured contract of the Railroad it would be a security for money payment. * * * But be the undertaking greater or less, the security better or worse, we can-

not regard these certificates as anything but corporate securities by general understanding and in fact."

Appellant urges that under the certificate it acts as agent merely. But the right of substitution and the obligation to account in money for the actual value of the securities place a higher obligation upon appellant than that of a mere agent. Lederer v. Fidelity Trust Co., supra.

The judgment is affirmed.