**PENNSYLVANIA CO. FOR INSURANCES ON LIVES AND GRANTING ANNUITIES v. UNITED STATES.**

C. A. No. 833.

District Court, E. D. Pennsylvania.

July 23, 1941.

Saul Ewing Remick & Saul, by William H. S. Wells, both of Philadelphia, Pa., for plaintiff.

Thomas J. Curtin, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., and Frank A. Michels, Asst. to Atty. Gen., for defendant.

GANEY, District Judge.

This is an action for monies had and received under Section 24(20) of the Judicial Code, as amended by Section 1122(c) of the Revenue Act of 1926, c. 27, 44 Stat. 9, U.S.C.A., Title 28, Sec. 41.

The case was submitted to the court on a stipulation of facts and concerns itself with the attempt of the plaintiff to recover thirty-six hundred twenty-one and 77/100 dollars ($3,621.77) together with interest by reason of its having paid the same under protest for internal revenue stamps, particularly documentary stamps, which the Collector of Internal Revenue required it to attach to Certificates of Interest. The amount in suit concerns itself with two periods of time, one from August 15, 1933, to June 30, 1937, and the other from June 30, 1937, to March 23, 1939, during which the plaintiff held, as trustee for sundry trusts, numerous bonds and accompanying mortgages secured upon real estate. Each bond and mortgage secured thereby was held by the plaintiff under a separate Declaration of Trust, consisting of a printed pamphlet form identical in all cases except as to the names of the holders, amounts, and description of the subject matter, and none of the bonds and mortgages were pooled; they were all straight Pennsylvania mortgages accompanied by a single bond. The plaintiff, as trustee under each Declaration of Trust, issued Certificates of Interest as evidence of a participating interest in the underlying bond and mortgage. The certificates were registered in form, assignable, but payment of neither principal or interest was guaranteed by the trustee, nor were there any interest bearing coupons attached to the certificates; the trustee was merely to collect the interest and principal of the mortgage as and when it became due, and to pay the same over to the holders of the Certificates of Interest; further, the plaintiff was not liable or responsible for anything connected with the trust, except for its own wilful or intentional breach thereof. The plaintiff placed no documentary stamps upon any of the certificates when they were issued or when they were transferred.

The simple question presented is whether the Certificates of Interest, identified with particular bonds and mortgages, issued by a corporation in registered form, which are assignable and provide for the payment of interest and principal as collected, are subject to the documentary stamp tax statutes. The pertinent statutes involved are:

The Revenue Act of 1926, c. 27, 44 Stat. 9:

"Title VIII.—Stamp Taxes

"Sec. 800. On and after the expiration of thirty days after the enactment of this Act there shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in Schedule A of this title, or for or in respect of the vellum, parchment, or paper upon which such instruments, matters, or things, or any of them, are written or printed, by any person who makes, signs, issues, sells, removes, consigns, or ships the same, or for whose use or benefit the same are made, signed, issued, sold, removed, consigned, or shipped, the several taxes specified in such schedule. The taxes imposed by this section shall, in the case of any article upon which a corresponding stamp tax is now imposed by law, be in lieu of such tax." (U.S.C., Title 26, Secs. 900, 908, 26 U.S.C.A. Int.Rev. Acts, page 284.)

"Schedule A.—Stamp Taxes

"1. Bonds of indebtedness: On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 5 cents * * *." (U.S.C., Title 26, Sec. 901, 26 U.S.C.A. Int.Rev.Acts, page 288.)

Schedule A, subd. 9, of Title VIII of the Revenue Act of 1926, as added by Section 724(a) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 26 U.S.C.A. Int.Rev. Acts, page 297: "9. Bonds, etc., sales or transfers: On all sales, or agreements to sell, or memoranda of sales or deliveries of, or transfers of legal title to any of the instruments mentioned or described in subdivision 1 and of a kind the issue of which is taxable thereunder, whether made by any assignment in blank or by any delivery, or by any paper or agreement or

memorandum or other evidence of transfer or sale (whether entitling the holder in any manner to the benefit of such instrument or not), on each $100 of face value or fraction thereof, 4 cents * * *."

Treasury Regulations 71 (Revised July, 1932):

"Art. 119. Definitions.—As used in this chapter, the term 'bonds' includes any of the instruments mentioned or described in Schedule A-1, and of a kind the issue of which is taxable under that schedule; and the term 'sale' or 'transfer' includes any of the transactions or dealings in bonds, which are subject to the tax imposed under Schedule A-9."

The determination of whether Certificates of Interest as here, or certificates somewhat similar in nature as Participation Certificates, Trust Certificates, etc., are taxable under the Stamp Tax Statutes, is not always free from difficulty, since the courts in their interpretation of the same have, in some instances assigned one feature of the certificate as being the reason for holding the same within the purview of the statute and seized upon other features as bringing them outside the statute. By so doing they have given rise to no general rule, although it may be that the circumstances attendant to each particular case preclude any generality concerning the same.

It cannot be doubted that each individual tax case must rest on its own facts and while analogies accordingly are difficult to draw, some help can be found in the considerations which the courts have given to like and similar cases, although as indicated there is a wide diversity of opinion in their construction. For example, one of the earliest cases and one to which most of the cases have recourse for consideration of stamp cases is United States v. Isham, 17 Wall. 496, 21 L.Ed. 728, which laid down the rule, among other things, that the criterion was the form and face of the instrument; others make the test an existence of an obligation to pay, as in Hamilton National Bank v. United States, 6 Cir., 99 F.2d 570; Mortgage Guarantee Co. v. Welch, 9 Cir., 38 F.2d 184; Lederer v. Fidelity Trust Co., 267 U.S. 17, 45 S. Ct. 206, 69 L.Ed. 494, and this liability need not be direct, but conditional and contingent, as in Motter v. Bankers Mortgage Co. of Topeka, Kansas, 10 Cir., 93 F.2d 778; Willcuts v. Investors' Syndicate, 8 Cir., 57 F.2d 811; others the purely local character of the certificate coupled with its non-assignability, Dauphin Deposit Trust Company v. United States, 3 Cir., 80 F.2d 893.

■ In view of this wide diversity of construction, attempt should be made to give definition to the term "corporate security". In the Willcuts case, supra [57 F.2d 814], the court says: "Corporate security is simply a means adopted by the corporation to secure funds which it can employ in its business; and, by making a larger return on the funds so secured, it is enabled to pay its obligation under the corporate security issued, and also secure an income for itself". Cyc. defines securities as: "Written assurance for the return or payment of money; evidence of indebtedness". Webster's Universal Unabridged Dictionary, 1937, #4: "One who or that which guards or secures; a defense: a guard; hence, specifically, (a) something given or deposited to secure or assure the fulfilment of a promise or the performance of a contract; a pledge; (b) a surety; one who becomes responsible for the obligation of another; #5: evidence of debt or of property as stock-certificates, bonds and the like". In Securities and Exchange Commission v. Timetrust, Inc., D.C., 28 F. Supp. 34, 38, it is stated: "As the Commission points out, the instrument bears all of the indicia of a security. There is the relationship between a person receiving money and a person providing it, conferring upon the latter 'a present right to a present or a future participation in either the income, profits or assets of a business carried on for profit'; the physical form and appearance of the instrument; general distribution in a common form to a comparatively large number of persons; transferability; limitations upon transferability or negotiability will not defeat identification of the instrument as security, but some provision for alienation is usually found therein; compliance with state securities laws; commingling of payments made, where contributions of many persons are pooled in the operation of the enterprise and administered as a unit by the issuer".

■ Accordingly, if we interpret the Certificates of Interest in accordance with the criteria set forth for a corporate security as outlined above, it would seem that while in some instances there is some conformity with the definition, yet in the great majority they bear little or no resemblance. Further, the rule is that when

instruments are not patently and plainly on their face corporate securities, oral evidence will be admitted if there is any doubt as to their characteristics and appearances; Goodyear Tire & Rubber Company v. United States, 273 U.S. 100, 47 S.Ct. 263, 71 L.Ed. 558; Motter v. Bankers Mortgage Co. of Topeka, Kansas, supra. Testimony therefore of an officer of the bank as well as an investment broker that these Certificates of Interest were not generally referred to, called, or known as corporate securities is pertinent.

■ Furthermore, it is felt that the reasoning of the court in Motter v. Bankers Mortgage Co. of Topeka, Kansas, supra [93 F.2d 780], should be the test adopted here, although in this case the court held the instruments to be taxable: "Corporate securities represent the most commonly used means through which a corporation secures funds for use in the operation of its business. Securities issued for that purpose evidence a direct obligation of the corporate body. Securities of this kind and character the Congress manifestly had in mind in the enactment of the provision of the broad statute now under consideration". This view is likewise adopted in Fidelity Investors' Ass'n v. United States, D.C., 5 F.Supp. 19, in which instance the income contracts were both registered and assignable and yet the court found as a fact that the instruments were not generally known as corporate securities. To the same effect is American Trust & Banking Co. v. United States,[1] D.C.Tenn., decided February 2, 1940. Inasmuch as the Certificates of Interest here in question do not bear sufficient hallmarks to form the pattern of a corporate security and in view of the testimony offered that they were not known, referred to, or called as corporate securities, it is found as a fact that they are not such and therefore not within the purview of the stamp tax statute.

■ Sec. A, subd. 9, of Title 8 of the Revenue Act of 1926, as amended by Sec. 724(a) of the Revenue Act of 1932, c. 209, 47 Stat. 169, has been urged as embracing within its intent the Certificates of Interest here in question. However, it is felt that these Certificates of Interest are neither sales, agreements to sell, nor memoranda of sales, nor are they other evidence of transfers of sales, since taxing statutes are to be strictly construed in their interpretation. It is the established rule not to extend their provisions by implications beyond the clear import of the language used. United States v. Merriam, 263 U.S. 179, 44 S.Ct. 69, 68 L.Ed. 240, 29 A.L.R. 1547, Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211.

This view is further reflected in Dauphin Deposit Trust Co. supra [80 F.2d 896], where the court says: "In these days of universal and increasing taxation courts should not lose sight of the hitherto settled policy of the law to adjudge ambiguity or uncertainty in the taxing statute as relieving the taxpayer".

The Certificates of Interest in question are not corporate instruments within the purview of the stamp tax statute and, accordingly, it is directed that judgment be entered in favor of the plaintiff. The plaintiff will prepare an appropriate decree for entry of judgment.

---

[1] No opinion for publication.