## TITLE GUARANTEE & TRUST CO. v. BOWERS.
### No. 41.

Circuit Court of Appeals, Second Circuit.
Dec. 4, 1933.

George Z. Medalie, U. S. Atty., of New York City (Frank Chambers, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Simpson, Thacher & Bartlett, of New York City (Graham Sumner and Henry E. Keough, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The tax here in question was paid as a result of an assessment of a documentary stamp tax in respect to the issue, by the appellee, of guaranteed first mortgage certificates without federal stamps affixed to them between July 1, 1925, and March 31, 1929, and again in March, 1930. Interest was demanded and paid without having been separately assessed after appellee's claim for refund had been demanded and rejected.

Section 800, Schedule A, subd. 1, title 8, of the Revenue Acts of 1924 and 1926 (26 U. S. C. § 901, 26 USCA § 901, Schedule A (1) and note), provided for a stamp tax "on all bonds, debentures, or certificates of indebtedness issued by any corporation ['any person' in the 1924 act], and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 5 cents. * * * "

The appellant, a New York corporation, is engaged in banking, insuring titles to real estate, and loaning moneys on bonds and mortgages and selling the same; also selling certificates of interest in them. During the periods in question they sold guaranteed first mortgage certificates in respect to which the stamp tax was claimed. These certificates were of two classes. In the first, the appellee assigned to the purchaser an undivided share to the extent of the amount named, with interest thereon at a stated rate per annum, in a specified bond and mortgage. The rate of interest paid to the certificate holders was one-half of 1 per cent. less than the amount specified in the bond and mortgage. The certificate recited that payment was "guaranteed by Bond and Mortgage Guarantee Company," giving a bond number and a mortgage number, and further stated that "while the bond secured by the mortgage mentioned in this certificate is payable by its terms on its due date, the policy of the Bond and Mortgage Guarantee Company entitles it at its option to a period of eighteen months thereafter in which to collect the principal. Regular payment of interest meanwhile is guaranteed." The certificate recited that the bond and mortgage, together with the policy of the Bond & Mortgage Guarantee Company, are held by the appellee as depositary and agent for the holder of the certificate, and that the appellee "shall continue to hold said bond and mortgage, said policy of Bond and Mortgage Guarantee Company, and the other instruments and evidences of title relating thereto for the benefit of the purchaser and other persons interested therein." Moreover, the certificate recited that, on receipt of the interest and principal of the bond and mortgage, it would be distributed to those entitled thereto, and authorized the appellee to take whatever action it deemed necessary to enforce the provisions of the bond and mortgage and that it might take up and cancel the certificate at any time on thirty days' notice to the purchaser on payment of the amount then owing to the purchaser for principal and interest. The certificate states that it is not negotiable, but the interest might be transferred by the purchaser by surrendering the certificate to the company duly assigned and it issuing another certificate to the transferee.

The certificates of the second class contained the same provisions as the first, excepting that they purported in such certificates to assign an undivided share in a number of bonds and mortgages instead of in one bond and mortgage. The principal and interest of the bonds and mortgages referred to in the first class of certificates were guaranteed by a blanket policy of the Bond & Mortgage Guarantee Company, a separate corporation organized under the laws of the state, and, in the case of the second class of certificates, they were guaranteed by separate policies in that company, one for each group.

These certificates were advertised by the appellee to the public as securities. They were listed on the New York Real Estate Securities Exchange, and were legal for investment of trust funds and decedents' estates. New York Personal Property Law (Consol. Laws, c. 41) § 21; Decedent Estate Law (Consol. Laws, c. 13) § 111.

The question presented is similar to that presented in the case of Lawyers Mortgage Company v. Anderson (C. C. A. 2) 67 F. (2d) 889, decided this day..

While the appellee did not itself guarantee the payment of the principal and interest provided for in the certificates, the certificates were issued to the purchasers with the guaranty of the Bond & Mortgage Guarantee Company effective as to the purchaser. If, as has been held, the certificates come within the terms of the statute where the issuing company is also the guaranteeing company, the division of these two obligations, as here, does not remove the certificates from the operation of the statute. Mortgage Guarantee Co. v. Welch, 38 F.(2d) 184 (C. C. A. 9), certiorari denied 281 U. S. 759, 50 S. Ct. 410, 74 L. Ed.

1168. In that case, a mortgage participation certificate issued and guaranteed by the taxpayer corporation was held to be a corporate security under the same provisions of the statute involved here. There the taxpayer loaned money upon notes secured by mortgages on real estate and transferred groups of these notes and mortgages to a trust company which, under the terms of a written agreement, held the notes and mortgages for the benefit of the persons to whom the taxpayer corporation sold undivided shares of the notes and mortgages and guaranteed to the purchaser the payment of both interest and principal. The instruments of transfer were called first mortgage certificates. They were held to be corporate securities.

In the instant case the transaction is substantially the same. If mortgage participation certificates are generally known as corporate securities, the appellee's certificates should be so considered, for they have the same corporate undertaking.

For these reasons, in addition to those stated in our opinion filed in Lawyers Mortgage Company v. Anderson, the judgment will be reversed.

Judgment reversed.