UNION TRUST CO. OF PITTSBURGH v. HEINER, Collector of Internal Revenue.

District Court, W. D. Pennsylvania. February 8, 1928.

No. 3314.

Internal revenue ⬳19(1)—Nomination of employee to take title to stock purchased for employer's sole benefit held not subject to stamp tax; "right to receive" (Revenue Act 1921, tit. 11, § 1100 [Comp. St. § 6318i]).

Trust company's nomination of its employee to take title to stock purchased by it for its sole and exclusive benefit, and without transfer of any beneficial rights therein to employee, *held* not subject to stamp tax under Revenue Act 1921, tit. 11, § 1100 (Comp. St. § 6318i), as a delivery to employee of the "right to receive" the shares; tax stamps required to be placed on the original issue of stock having been placed on stock issued to him.

At Law. Action by the Union Trust Company of Pittsburgh against D. B. Heiner, Collector of Internal Revenue for the Twenty-Third District of Pennsylvania. Order in accordance with opinion.

Smith, Shaw & McClay, of Pittsburgh, Pa., for plaintiff.

J. D. Meyer, U. S. Atty., of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge. This case came before the court on argument raising a question of law. The defendant contends that the facts averred in the statement of claim do not present a legal cause of action against the defendant. The facts, as disclosed by the statement of claim, are as follows:

On November 27, 1922, the plaintiff entered into a written agreement with one B. F. Jones, Jr., whereby it agreed to purchase, at the option of said B. F. Jones, Jr., certain stock of Jones & Laughlin Steel Corporation, to be delivered to the plaintiff, or its nominee or nominees. Jones exercised the option, and the stock involved was issued at the request of the plaintiff to one James M. Kommer, an employé of the plaintiff. As a matter of fact, Kommer had no interest in the stock in question, and merely took title to the stock for the convenience of the plaintiff, in connection with future sales and transfers of the stock to the public. Tax stamps required to be placed on the original issue of stock were placed on that issued to Kommer. The government compelled the plaintiff to pay stamp tax of $3,428.04 upon the instrument, nominating Kommer to receive the stock in question. Due demand was made upon the Commissioner of Internal Revenue for the refundment of this amount, and the same has not been refunded; whereupon the plaintiff brought this suit to recover what it contends is an illegal exaction of stamp taxes from it.

The statute in force at the time of this transaction was the Revenue Act of 1921 (42 Stat. 227), which provided that certain stamp taxes be affixed to certain capital stock certificates and transfers. By section 1100, Schedule A, of title 11 of the Revenue Act of 1921 (Comp. St. § 6318i), a stamp tax was imposed upon "rights to subscribe for or to receive" certificates of capital stock. Under this section, the government contends that the nomination of Kommer by the plaintiff in this case to take title for it to the stock in question was the delivery to him of a "right to receive" the shares, and therefore taxable. We cannot thus view the transaction. In our opinion, there was but one transaction involved in this issue of stock. There was no transfer of any rights in this stock to Kommer. He was the mere employé and agent of the plaintiff, appointed to receive and hold this capital stock for the sole and exclusive benefit of the plaintiff. He had no beneficial interest whatever in the stock. We are of the opinion that the facts disclosed by the statement of claim present a case of an illegal exaction of a stamp tax from the plaintiff in this case.

We therefore conclude that the statement of claim sets forth a good cause of action, that the affidavit of defense raising questions of law must be overruled, and that the de-

fendant be directed to file an affidavit of defense according to law. An order will be made accordingly.