## WESTMORELAND COAL CO. v. MacLAUGHLIN.

### No. 16792.

District Court, E. D. Pennsylvania.
March 23, 1934.

Charles Myers, of Barnes, Biddle & Myers, of Philadelphia, Pa., for plaintiff.

E. F. McMahon, Sp. Asst. to Atty. Gen., and Thomas J. Curtin, Asst. U. S. Atty., and Charles D. McAvoy, U. S. Atty., both of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is an action at law, brought to recover $4,000 paid for United States revenue stamps which the plaintiff was required to purchase and affix to its minute book in consequence of a transaction which the depart-ment held to be a transfer to its stockholders of the right to receive shares of stock.

Jury trial was waived and a stipulation of facts filed which constitutes the most important part of the record.

The pertinent words of the statute (Revenue Act of 1926, tit. 8 [section 800 et seq.], Schedule A(3), 26 USCA § 901, Schedule A (3) impose a stamp tax "on all sales * * * or transfers of legal title to shares or certificates of stock * * * or to rights to * * * receive such shares or certificates."

The occasion for the tax arose in connection with a reorganization of the plaintiff's finances, the essence of which was that a new corporation (referred to as the Delaware Corporation) would be formed to take over all of the physical assets of the plaintiff plus a certain amount of its cash and securities and that the plaintiff's stockholders would get the stock of the new corporation. This was what was actually done. The whole question here is whether it was accomplished by one or two steps.

The tax was imposed on the theory that the Pennsylvania corporation (the plaintiff), upon the transfer of its assets to the Delaware corporation, became the owner of a right to receive the shares of stock of that corporation and that it then passed along or transferred this right to its own stockholders. The issuance of its stock by the Delaware corporation was taxed and (it is conceded) legally. It is or must be also conceded that if the transaction really was as above stated and if, as the government contends, there was a second distinct step, the second tax also was properly imposed.

On paper there was only one step. That is to say, the new stock of the Delaware corporation was issued directly (through the medium of a transfer agent) to the stockholders of the Pennsylvania corporation without passing through the hands of that corporation. Still, that does not settle the matter since this may have been only a short cut and the plaintiff could have the right to receive the stock without formal action.

The ultimate question is whether the plaintiff corporation ever got any such right. If it did, it must have transferred it to its stockholders since they got the stock. To answer the question we must carefully examine the contract between the two corporations to see just what rights arose from it. The evidence of this contract is to be found in the resolutions of the two corporations and in what was done by their officers or agents under those resolutions.

The plaintiff's resolutions constituted the offer, and were adopted by the directors in pursuance of authorization at a stockholders' meeting. The offer was to transfer the assets of the plaintiff in consideration of the issuance of the stock of the Delaware corporation to it, the corporation, not to its stockholders.

If this offer had been accepted in terms, there can be no doubt that the defendant's contention would have to be sustained. The right to receive the stock would have vested in the Pennsylvania corporation and it could not have been gotten to the stockholders without a transfer of some kind. The case would have been squarely ruled by Marconi Wireless Telegraph Company v. Duffy (D. C.) 273 F. 197.

But, and this is the essential point in the case, this offer was never accepted. The resolutions of the board of directors of the Delaware corporation provided that, upon the delivery to it of the physical assets of the Pennsylvania corporation and other considerations, its total authorized capital stock would be issued to the shareholders of the Pennsylvania corporation, not to the corporation itself.

There was no contract so far. But a transaction was actually gone through with and consummated and a reorganization finally affected. And it was carried out in accordance, not with the plaintiff's resolution, but in accordance with that of the Delaware corporation. The stock of the Delaware corporation was delivered to the transfer agent. The plaintiff's shareholders delivered their stock to the transfer agent and received in exchange the shares of the Delaware corporation corresponding to those which they delivered.

It is quite clear that the plaintiff never acquired the right to receive the stock in question. It could only have gotten it by virtue of some contract binding on the Delaware corporation and there was no contract which gave it. True, the plaintiff had offered to transfer its assets in exchange for such right, but the reply was, "No, we will accept your assets but we will give the stock to your stockholders, not to you," and the plaintiff acquiesced. It is perfectly competent for a corporation, with the consent of all its stockholders, to agree to sell its assets for a price and to stipulate that the price shall not be paid to it but to third parties, particularly where those third parties are the stockholders themselves. Certainly, the plaintiff acquired an enforceable right as a result of its transaction with the Delaware corporation, but that right was not to receive shares of stock for itself, but to require them to be issued to its stockholders. This right, of course, was not transferred and is not taxable. Though not on all fours, the case of Minnesota Mining & Manufacturing Co. v. Willcuts (D. C.) 2 F. Supp. 789, is much closer in its facts than the Marconi Case.

The stipulated facts are adopted by the court as a special verdict. In addition thereto, the court finds the facts in accordance with the plaintiff's findings of fact and incorporates them into the special verdict.

The court affirms the plaintiff's points or requests for conclusions of law and grants the plaintiff's motion for judgment.

The defendant's requests for findings of fact and conclusions of law are all denied as well as the defendant's motion for judgment.

Exceptions are allowed to the defendant upon all the foregoing rulings.

Judgment may be entered for the plaintiff.