CONSOLIDATED EQUITIES, Inc., v. WHITE, Collector of Internal Revenue.

No. 5079.

District Court, D. Massachusetts.

July 17, 1934.

Gaston, Snow, Saltonstall & Hunt, of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty. (by J. Duke Smith, Sp. Asst. to U. S. Atty.), both of Boston, Mass., E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and L. H. Baylies, Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

BREWSTER, District Judge.

The plaintiff paid a stamp tax on alleged transfer of shares in corporations whose liabilities it had assumed which it now seeks to recover as unlawfully exacted. The occasion for the asserted tax is due to transactions of which the following summary may be said to be typical.

Brokers offered for sale voting trust certificates representing shares in an investment corporation at a stated price. A customer electing to purchase sent the purchase price to the broker who, in turn, paid it to the corporation, whereupon the corporation issued shares to voting trustees who thereupon instructed the transfer agent to issue to the purchaser voting trust certificates for the number of shares purchased and paid for. The stamp tax on the issue was paid, as also were stamp taxes on transfers where the voting trust certificate was originally issued to the broker and later divided among its customers. The details of the transaction are more fully set forth in requests for findings.

It is obvious that what the customer of the broker purchased and what he received was a certificate representing a beneficial interest in stock which had been originally issued to voting trustees to hold for the benefit of the subscriber. This transaction involved no transfer of legal title to the shares, nor to any right to such legal title either from purchasers to trustees or from trustees to purchasers. If the theory of the government that the purchaser became a shareholder by virtue of his payment to the broker of the

purchase price be adopted, the voting trustees held the stock for the sole benefit of the purchaser and purchaser's interest was represented, and intended to be represented, by the voting trust certificate. No transfer, actual or constructive, from the purchaser was necessary to vest the legal title in the voting trustees. Union Trust Co. of Pittsburgh v. Heiner (D. C.) 26 F.(2d) 391.

I rule, therefore, that the transfer tax was unlawfully exacted, and that the plaintiff is entitled to recover in this action.

Judgment for the plaintiff may be entered for $6,674.88, with interest thereon.