## CONSOLIDATED EQUITIES, Inc., v. WHITE.

### No. 5080.

### District Court, D. Massachusetts.

### July 17, 1934.

Gaston, Snow, Saltonstall & Hunt, of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and J. Duke Smith, Sp. Asst. to the U. S. Atty., both of Boston, Mass., and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and L. H. Baylies, Atty., Bureau of Internal Revenue, both of Washington, D. C.

BREWSTER, District Judge.

This action is to recover for sums paid for stamps on transfers of stock in plaintiff corporation which, it is alleged, was a tax unlawfully exacted. The facts are stipulated. Briefly summarized, the essential facts are that the plaintiff was organized under the laws of Massachusetts pursuant to a plan to consolidate three investment corporations, namely, Incorporated Equities; Second Incorporated Equities, and United Equities, Inc. (hereinafter referred to as the old corporations). The stock of these corporations was held by voting trustees; the investors holding voting trust certificates.

The first step in the plan was to request the holders of voting trust certificates to deposit their certificates and a proxy with the depositary, and, when certificates representing a sufficient number of shares had been deposited so that the plan would be effective, the voting trust certificates were to be exchanged for stock certificates in the respective corporations; then by means of the proxies the stockholders would vote upon the acceptance of an offer submitted by the plaintiff. A sufficient number having approved the plan, the plaintiff submitted an offer to each of the three corporations by which it proposed to acquire all its assets except stated amounts of cash, in consideration for which it was to assume all the indebtedness of that corporation and to issue to it or upon its order to and among its stockholders or their assigns in proportion to their holdings a specified number of shares. At a special stockholders' meeting, the offer was accepted by each of the corporations as submitted by plaintiff; the vote of acceptance in each case expressly reciting that, as part consideration for the assets, the plaintiff shall issue to it or to and among its shareholders the required number of shares. At the same meetings another vote was passed which in substance directed the plaintiff to issue to and among the stockholders of the corporation or their assigns in proportion to their holdings as recorded on the books of the corporation the shares called for by the accepted offer. It is a significant fact that in the case of none of the corporations was there to be an exchange of stock share for share. According to the plan of consolidation, stockholders in Incorporated Equities were to receive 1¹⁰⁄₁₀₀ shares, plus 20 cents cash; in Second Incorporated Equities one-fifth of a share; and in United Equities, Inc., 3⁴⁵⁄₁₀₀ shares and 20 cents cash. The plan was consummated; the stock in the new corporation being all issued to stockholders of the old corporations in accordance with directions above noted. Tax on the original issue was paid. Under protest, plaintiff paid a tax on the transfers of each share issued to the

stockholders of the old corporations. It is this transfer tax that plaintiff now sues to recover.

The plaintiff issued its shares under the laws of Massachusetts which require all issued stock to be paid for in cash, property, or services. It is clear that plaintiff's stock was to be paid for, not in stock of the old corporations, but in the assets of those corporations. It follows that the corporations, and not their stockholders, were in the first instance entitled to the stock of the new corporation. If the stockholders became entitled to this stock, it was because by votes of the old corporations the right to receive the stock shifted from the corporations to their respective stockholders. Was this a transfer, taxable under title 8 (§ 800 et seq.), Schedule A (3), of the Revenue Act of 1926 (26 USCA § 901, Schedule A (3)?

The plan of consolidation, in legal contemplation, involved an exchange of assets for capital stock and a distribution in liquidation among the stockholders of the old companies of the new stock thus acquired. To accomplish this end, the old corporations took a short cut by directing the new corporation (the plaintiff) to issue the stock directly to the stockholders of the old corporations in the same proportions as would have obtained if the old corporations had made the liquidating distribution. We do not have here presented a case of a reorganization where the stockholders of the new corporation took the same proportionate shares in the same assets that they held in the old corporations. If that were so, 1 would be ready to follow Minnesota Mining & Mfg. Co. v. Willcuts (D. C.) 2 F. Supp. 789, and Westmoreland Coal Co. v. MacLaughlin (D. C. E. D. of Pa., March 23, 1934) 8 F. Supp. 963, judgment affirmed (C. C. A.) 73 F.(2d) 1004. In the case at bar there was a consolidation of several corporations, and not a reorganization of any one. The holders of the new stock each received a proportionate share in assets quite different from those he had before the consolidation.

The transfer tax cannot be avoided by refraining from executing formal transfers if the old corporations ever had the right to the new stock. This is intimated in Westmoreland Coal Co. v. MacLaughlin, supra.

The conclusion that a transfer was involved taxable under the act seems to me to be required by analogy by Rockefeller v. United States, 257 U. S. 176, 42 S. Ct. 68, 66 L. Ed. 186; Rensselaer & S. R. Co. v. Irwin (C. C. A.) 249 F. 726; West End St. Ry. Co. v. Malley (C. C. A.) 246 F. 625.

Judgment may be entered for the defendant.

Plaintiff's request for finding No. 1 is granted. If by request No. 2 it is intended that the court find that the corporations named executed no formal instrument or instruments of transfer running directly to their stockholders, I so find; but, if it calls for a ruling that there was in legal contemplation no transfer from the corporations to their stockholders, it is denied, and plaintiff may have its exceptions.

Defendant's requests for findings of fact and rulings of law and his motion for judgment are granted, and plaintiff may have due exceptions to the action of the Court upon these requests and motion.