1008

## UNITED STATES v. BROWN FENCE & WIRE CO.
### No. 17877.

District Court, N. D. Ohio, E. D.

Jan. 18, 1935.

E. F. McMahon, Sp. Asst. to the Atty. Gen., and E. B. Freed, U. S. Atty., of Cleveland, Ohio.

Sydney A. Davies (of Davies & Eshner), of Cleveland, Ohio, for Brown Fence & Wire Co.

JONES, District Judge.

This is a case in which the United States seeks to recover of the defendant stamp taxes, liability for which is imposed by Schedule A (3), § 800 et seq. (title 8), of the Revenue Act of 1926 (26 USCA § 901, Schedule A (3). A jury was waived by written stipulation and the issues of fact and law heard and submitted to the court upon stipulated facts. It is not thought necessary to restate here the stipulated facts with which the parties are familiar. It will be sufficient to state briefly the considerations upon which conclusion has been reached.

By the agreement between the two corporations, the Ohio company clearly transferred to its shareholders the right to receive the shares and stock certificates of the Delaware corporation. The stamp tax, which otherwise would have been exacted, may not thus be escaped. The implications of such liability are inherent in the agreement to issue the new shares and certificates directly to the shareholders of the old corporation. The Delaware corporation did not agree to buy the stock of the Ohio corporation by an exchange of its shares; it agreed to buy the property of the Ohio corporation with shares of its stock to be issued to the shareholders of the Ohio corporation. This contemplated a transfer of the right to receive the consideration for the sale of the old corporation's property from the old corporation to its shareholders.

I do not interpret the contract between the two corporations as a reorganization because so called. In view of the express language of the contract itself, it constituted a sale and transfer of "assets, properties, business, franchises and good will as a going concern."

In the case of Westmoreland v. McLaughlin (D. C.) 8 F. Supp. 963, relied upon by the defendant, the court concedes that, if the stock had been issued by the new corporation to the old corporation as consideration for the transfer of assets, the case would have been controlled by Marconi Wireless Telegraph Company v. Duffy (D. C.) 273 F. 197.

Providing for the issuance of stock directly to the shareholders of the old corporation is a shorter and more convenient method of delivering the stock to its ultimate owner, but I see no difference in respect of the application of the rule and of the tax.

The defendant raises the question of the right of the United States to sue the Delaware corporation for the payment of the tax. One of the considerations for the transfer of assets was the assumption of all liabilities and indebtedness of the Ohio corporation by the Delaware corporation, and the Ohio corporation has been dissolved. I see no obstacle to the bringing of the suit directly against the Delaware corporation for the collection of the tax.

Upon the stipulations of facts, original and supplemental, I find that there was a transfer of the legal right to receive shares of the Delaware corporation from the Ohio corporation to the shareholders of the latter, and conclude that the defendant is liable for the stamp tax. Motion of plaintiff for judgment sustained, with exceptions to the defendant.

Plaintiff's requests for special findings of fact will be granted, and those submitted will be approved and adopted.