## FOUNDERS GENERAL CORPORATION v. HOEY, Collector of Internal Revenue.

District Court, S. D. New York.

Sept. 10, 1935.

Seibert & Riggs, of New York City (Royal E. T. Riggs, of New York City, Murray Taylor, of New York City, of counsel), for plaintiff.

F. W. H. Adams, U. S. Atty., of New York City (Henderson Mathews, Asst. U. S. Atty., and Richard Delafield, Sp. Asst. to U. S. Atty., both of New York City, of counsel), for defendant.

GODDARD, District Judge.

This action, equivalent to a demurrer, raises the question whether the facts alleged in the complaint disclose a transaction subject to the documentary stamp tax which was assessed and collected from the plaintiff under Schedule A (3) of section 800 of the Revenue Act of 1926 (26 USCA § 921 (b) (1). The facts alleged may be summarized as follows:

On September 10, 1929, plaintiff made a written agreement with an electric power corporation, hereinafter referred to as the issuing corporation, to subscribe at the price of $13.50 per share for 100,000 shares of the issuing corporation's common stock, each share to be accompanied by a warrant entitling the holder to subscribe for one additional share of such common stock before January 2, 1940, at the fixed price of $25 per share. The shares, with accompanying warrants, were to be delivered, and payment therefor was to be made on September 17, 1929. Before the time set for delivery, the plaintiff directed the issuing corporation to have the certificate representing the said 100,000 shares of stock with accompanying warrants made out in the name of the plaintiff's nominee, Benton & Co. This was done, and on September 17, 1929, such certificate was delivered to the plaintiff upon payment by it of the agreed subscription price. The documentary stamp tax upon the original issue of said 100,000 shares of stock and accompanying warrants was duly paid by the issuing corporation, and stock transfer taxes have been duly paid as to all shares and warrants which have been transferred out of the name of Benton & Co. In addition, the taxing authorities demanded from the plaintiff, and on October 22, 1934, collected the sum of $4,733.33 as a tax, with penalty and interest, upon the alleged transfer by the plaintiff to its nom- ince, Benton & Co., because of the plaintiff's direction for issuance of the aforesaid certificate in the latter's name.

Benton & Co. is a partnership, whose sole business is to hold in the firm's name stocks, bonds, and other securities belonging to the plaintiff, and to transfer them at the plaintiff's request. Neither the firm nor any partner has any beneficial interest in the property so held. The firm receives from the plaintiff an annual fee of $1,500 for acting as such agent.

Contending that the tax so collected from it was illegal, the plaintiff filed a claim for a refund, and upon its rejection brought this suit. The defendant's motion to dismiss squarely raises the question whether the nomination by the plaintiff of Benton & Co. as the person in whose name the certificate should be made out is subject to tax under the statute in question.

Section 800 of the Revenue Act of 1926, 44 Stat. 99, 101, provides that "On and after the expiration of thirty days after the enactment of this Act there shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in Schedule A of this title * * * the several taxes specified in such schedule."

Schedule A (3) reads as follows: "3. Capital stock, sales or transfers: On all sales, or agreements to sell, or memoranda of sales or deliveries of, or transfers of legal title to shares or certificates of stock * * * or to rights to subscribe for or to receive such shares or certificates, whether made upon or shown by the books of the corporation, or by any assignment in blank, or by any delivery, or by any paper or agreement or memorandum or other evidence of transfer or sale, whether entitling the holder in any manner to the benefit of such stock, interest, or rights, or not, on each $100 of face value or fraction thereof, 2 cents, and where such shares are without par or face value, the tax shall be 2 cents on the transfer or sale or agreement to sell on each share."

Regulation 71 relating to stamp taxes on documents imposed by the Revenue Act of 1926, and the Revenue Act of 1928 contain the following provisions:

"Art. 31. *Basis of Tax.* Every transfer or sale of stock, either before or after

issuance of a certificate, is taxable. The tax accrues at time of making the sale * * * or delivery of or transfer of the legal title to shares, or certificates of stock * * * or of the right to subscribe for or to receive such shares or certificates, regardless of the time or manner of the delivery of the certificates, or agreement or memorandum of sale."

"Art. 34. *Sales and Transfers Subject to Tax.* The following transactions are subject to the tax:

"(a) The sale, or transfer, or change of ownership, of certificates of stock, or of profits, or of interest in property or accumulations in corporations, joint-stock companies, or associations.

"(b) The sale or transfer of shares of stock, whether or not represented by certificates.

"(c) The transfer of stock to or by trustees. * * *

"(g) The transfer of the interest of a subscriber for stock, however such interest may be evidenced or conditioned upon further payments.

"(h) The transfer of the right to subscribe for stock in any corporation, joint-stock company, or association, whether or not evidenced by warrants. * * *

"(t) The transfer of the right to receive stock which a corporation has unconditionally agreed to issue.

"(u) Transfers of stock are subject to the tax even though the holders thereof are not entitled in any manner to the benefit of the stock."

"Art. 77. *Further Definitions.* (I) When used in these regulations:

"(b) The term 'issue' includes not only actual delivery of, but also acceptance of subscriptions to shares or certificates of stock * * *."

"Art. 85. *Affixing and Cancellation of Stamps.*

"(a) In the case of the issue of shares of stock, whether on organization or reorganization, the stamps representing the tax shall be affixed to the stock books and not to the certificates issued."

From the foregoing excerpts, it is apparent that the statutory basis of taxation is very broad, and that the regulations have been drafted in equally inclusive terms. With certain express exceptions, not now material, a tax is laid upon every transfer of the legal title to shares or certificates of stock, or to rights to subscribe for or receive such shares or certificates, whether or not the transferee acquires any beneficial interest. If the issuing corporation had issued the shares subscribed for to the plaintiff and the latter had then transferred them to its agent, Benton & Co., it cannot be doubted that the government would have been entitled to collect two stamp taxes, one on the sale of the stock to the plaintiff, the other on the transfer of legal title from the plaintiff to its agent. But the transaction as actually carried out did not take this form, although it accomplished the same result, and in the matter of stamp duties the form is all-important. United States v. Isham, 17 Wall. 496, 21 L. Ed. 728. The tax cannot, therefore, be sustained on the theory that in legal effect the transaction was the same as though the plaintiff had taken legal title to the shares and transferred them to its nominee. But it can be sustained, in my opinion, on the theory that the nomination of Benton & Co. as the person to whom the certificate was to be issued falls within the exact letter of the statute taxing "transfers of legal title to * * * rights * * * to receive such shares or certificates." Prior to such nomination the plaintiff had the right to receive the shares, and by its nomination its right was transferred to its nominee. True, the right was conditional upon payment for the shares by the plaintiff, but the statute does not indicate that the right to receive shares must be unconditional at the time when it is transferred in order to constitute a taxable transfer. The phrase of the statute upon which I rely has been applied in several cases where one corporation has sold its assets to another to be paid for by stock of the latter which the vendor directed to be issued to its stockholders. Marconi Wireless Telegraph Co. v. Duffy (D. C.) 273 F. 197; George A. Hormel & Co. v. United States (D. C.) 10 F. Supp. 623; United States v. Brown Fence & Wire Co. (D. C.) 9 F. Supp. 1008; Raybestos-Manhattan, Inc., v. United States (Ct. Cl.) 10 F. Supp. 130. Compare cases reaching a different result on slightly different facts. Minnesota M. & M. Co. v. Willcuts (D. C.) 2 F. Supp. 789; Westmoreland Coal Co. v. McLaughlin (D. C.) 8 F. Supp. 963; Shreveport-El Dorado Pipe Line Co. v. McGrawl, 63 F.(2d) 202 (C. C. A. 5).

The Marconi Case, in my judgment, is right and should govern the case at bar. It is true that in the Marconi Case the nominees received the stock for their own benefit, while here Benton & Co. holds it for the plaintiff. But the fact that the transferee gets no beneficial interest is made immaterial by the express terms of the statute.

The plaintiff makes no attempt to explain why the nomination of Benton & Co. should not be deemed a transfer of plaintiff's right to receive shares of stock. It rests its argument chiefly upon Union Trust Co. v. Heiner (D. C.) 26 F.(2d) 391, and cases following it. Dean v. Caldwell & Co. (D. C.) 9 F. Supp. 177; Field, Glore & Company v. United States (D. C. N. D., Ill. April 8, 1935).[1]

It seems to me that the decision in Union Trust Co. v. Heiner disregards the express words of the statute. There the argument that the nominee transferred a "right to receive" the shares seems to have been disposed of by the court with the statement that the nominee was a mere employee and had no beneficial interest in the stock. But since the statute itself says that it is immaterial whether the transferee receives a beneficial interest, I am not inclined to follow Union Trust Co. v. Heiner.

In my opinion, the tax was validly assessed, and, accordingly, the motion to dismiss the complaint is granted.