**CENTRAL STATES LIFE INS. CO. v. SHEEHAN, Collector of Internal Revenue.**

**No. 260.**

District Court, E. D. Missouri, E. D.

March 27, 1940.

Joseph H. Grand, of St. Louis, Mo., for plaintiff.

Harry C. Blanton, U. S. Dist. Atty., and Russell Vandivoort, Asst. Dist. Atty., both of St. Louis, Mo., and Lyle M. Turner, Sp. Asst. to Atty Gen., for defendant.

COLLET, District Judge.

This is an action to recover documentary taxes paid by plaintiff under protest. The defendant is Collector of Internal Revenue. Claim for refund was duly made and denied. The cause was submitted to the Court upon facts concerning which there is no dispute.

Plaintiff is an insurance company. Prior to January 1, 1934, it became the owner of real estate located in the City of St. Louis, Missouri, known as the Kinloch Building. At the time of the acquisition of this property by plaintiff there was an outstanding mortgage against the property securing an issue of bonds executed and issued by the former owner of the property, a corporation, and amounting to $833,000. The property was acquired by plaintiff subject to this mortgage indebtedness. The Southwestern Bell Telephone Company, a corporation, was, and now is, the owner of those bonds.

On October 31, 1933, plaintiff, as the owner of the property, made a written agreement with the owner and holder of the bonds, the Telephone Company, for the adjustment and reduction of the bond issue from $833,000 to $500,000, which agreement provided that plaintiff would submit to the Telephone Company a new issue of bonds in the latter amount which were to be actually executed by a straw party, either an individual or corporation at the election of the Telephone Company. The modus operandi agreed upon and followed for the issuance of the new bonds was that the plaintiff's legal title to the property was transferred to the straw party, that party then executed $500,000 of bonds, secured them by proper trust conveyance of the Kinloch Building, delivered the bonds to the Telephone Company, and secured the release and cancellation of the $833,000 of old bonds and the mortgage securing the latter. Then the straw party reconveyed the legal title to the Kinloch Building to plaintiff and now plaintiff says it did not issue the new bonds and should not pay the tax thereon for the reason that those bonds are not plaintiff's direct obligation and were not actually issued by it. The pertinent statute levying the tax will be found in the margin.[1]

---

[1] Revenue Act of 1926, c. 27, 44 Stat. 9, as amended, 26 U.S.C.A.Int.Rev.Acts, pp. 284, 288: Title VIII.—Stamp Taxes. "Sec. 800. On and after the expiration of thirty days after the enactment of this Act there shall be levied, collected, and paid, for and in respect of the several bonds. debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in Schedule A of this title, or for or in respect of the vellum, parchment, or paper upon which such instruments, matters, or things, or any of them, are written or printed, by any person who makes, signs, issues, sells, removes, consigns, or ships the same, or for whose use or benefit the same are

Plaintiff contends that since the tax involved is a documentary tax the form and terms of the instrument are controlling[2] and that the document is not to be affected by proof of facts outside of it with regard to its real character.[3] Hence, it is argued that the agreement between plaintiff and the Telephone Company, above referred to, may not now be considered in determining whether plaintiff actually issued the bonds. (The fact that the documents are bonds is not disputed).

But the bonds carried the following provision inscribed upon their face:

"Notice to Owner and Holder

"This bond and all attached interest coupons are subject to the terms and conditions of letter agreement, dated October 31, 1933, between Central States Life Insurance Company and Southwestern Bell Telephone Company, providing for issuance of this bond."

The agreement referred to was by this quoted provision made a part of the bonds[4] and may be considered in determining plaintiff's relation to them. It appearing from the face of the bonds that plaintiff issued them, the statute applies and the tax was properly imposed.

The foregoing applies specifically to only count 1. The facts relative to the remaining four counts are somewhat different, but since counsel have briefed the case upon the theory that the same principles of law will control all counts, what has been said relative to count 1 will suffice to illustrate the legal theory upon which all counts are determined. Findings of fact and formal conclusions of law are separately stated.

Judgment for defendant will be entered.

made, signed, issued, sold, removed, consigned, or shipped, the several taxes specified in. such schedule. The taxes imposed by this section shall, in the case of any article upon which a corresponding stamp tax is now imposed by law, be in lieu of such tax. * * * Schedule A—Stamp Taxes 1. Bonds of indebtedness: On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each of $100 of face value or fraction thereof, 10 cents: Provided, That every renewal of the foregoing shall be taxed as a new issue: Provided further, That when a bond conditioned for the repayment or payment of money is given in a penal sum greater than the debt secured, the tax shall be based upon the amount secured. The tax under this sub-division shall not apply to any instrument under the terms of which the obligee is required to make payment therefor in installments and is not permitted to make in any year a payment of more than 20 per centum of the cash amount to which entitled upon maturity of the instrument. * * * "

[2] United States v. Klausner, 2 Cir., 25 F.2d 608.

[3] Merchants Warehouse Co. v. McClain, C.C., 112 F. 787.

[4] 10 C.J.S., Bills & Notes, § 44b, p. 482.