**BROOKS v. WELCH, Former Collector of Internal Revenue.**
**EMMONS v. SAME.**
Nos. 7276, 7277.

District Court, D. Massachusetts.

Dec. 9, 1938.

820

Edward C. Thayer and Rackeman, Sawyer & Brewster, all of Boston, Mass., for plaintiffs.

John A. Conavan, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., of Boston, Mass., for defendant.

BREWSTER, District Judge.

The above actions to recover income taxes paid on 1934 income present identical issues. They were tried together, without jury, and will be considered in one opinion. The facts are stipulated and may serve as findings required by Rule 52 of Rules of Civil Procedure, 28 U.S.C.A. following section 723c. So far as material to the questions involved, the facts are these:

On March 1, 1912, Shepherd Brooks created a trust which, as amended, provided that the trustees should have authority to accumulate any part or all of their income, and that any income not accumulated should be paid equally to three beneficiaries, namely,—Helen B. Emmons, Gorham Brooks and Rachel B. Jackson, all children of Shepherd Brooks, until March 1, 1933.

Upon the termination of the trust, the entire trust property was to be divided among the said beneficiaries. Or, in case any one of them should not be living at the time of the final distribution, his or her share was to go to his or her heirs at law and next of kin.

The trust instrument also provided: "The three beneficiaries hereinbefore named may by an instrument in writing signed, sealed and acknowledged by all of them or their legal representatives on or before the first day of March A. D. 1933, extend the term of the Trust hereby created, provided the term as extended shall not go beyond the life of the last survivor of said three beneficiaries and twenty-one years thereafter."

On October 1, 1932, the trustees were Gorham Brooks, James Jackson and Russell Tyson, and the three children of Shepherd Brooks were the beneficiaries. On that day the trustees and the beneficiaries entered into an agreement by which the terms of the original trust agreement were modified and amended by extending the time from March 1, 1933, to 20 years after the death of the last survivor of the beneficiaries, with a provision that the trust might be terminated before that time when "all of the Trustees, in their discretion, shall decide so to do."

The trustees duly returned, and paid the tax shown to be due on the undistributed net income of the trust for the year 1934.

The plaintiffs returned, and paid the tax shown to be due on so much of the income as was distributed to them.

The Commissioner of Internal Revenue assessed upon each plaintiff an additional tax which was arrived at by including in the taxable income for the year 1934 his or her share in the undistributed income of the trust for that year. The reason for so doing was that the Commissioner determined that the tax upon the undistributed income was due from the beneficiaries and not from the trust, by virtue of the provisions of sections 166 and 167 of the Revenue Act of 1932, 26 U.S.C.A. §§ 166, 167. These sections, so far as material, are as follows:

Revenue Act of 1932, c. 209, 47 Stat. 169:

"Sec. 166. *Revocable Trusts.*

"Where at any time during the taxable year the power to revest in the grantor

title to any part of the corpus of the trust is vested—

"(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

"(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

"Sec. 167. *Income for Benefit of Grantor.*

"(a) Where any part of the income of a trust—

"(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

"(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

*   *   *   *   *   *

then such part of the income of the trust shall be included in computing the net income of the grantor."

The position taken by the defendant is that the extension of the life of the trust, created in 1912, is to be treated as a termination of that trust, and the creation of a new trust by the beneficiaries on March 1, 1933; and that, therefore, the beneficiaries are to be deemed, in legal contemplation, grantors of the property of the trust within the meaning of the statute, above cited. If this premise is correct and the beneficiaries are grantors, it would follow, as the defendant contends, that the statute would apply, and the undistributed income would be taxable to the plaintiffs. The difficulty with the defense is that the premise is not sound. The court is obliged to take the facts as they are, and not as they might have been if something else had happened. To argue that, because the beneficiaries could have terminated the trust or could have permitted it to expire and thus acquire the property and could then have placed it in a new trust with provisions similar to those of the existing trust,

is to argue upon facts that do not exist. It is well settled that the exercise of a power in a will, or trust instrument, does not operate as a conveyance from the donee of the power.

In Hogarth-Swann Co. v. Weed, 274 Mass. 125, 174 N.E. 314, it is said that [page 315]: "The nature of the devolution of an estate by the exercise of a power of appointment has been settled by adjudications. The property to be appointed does not belong to the donee of the power, but to the estate of the donor of the power. * * * It is from the donor and not from the donee of the power that the property goes to the one who takes it." To the same effect see United States v. Field, 255 U.S. 257, 41 S.Ct. 256, 65 L.Ed. 617, 18 A. L.R. 1461.

Nor does a different result follow by reason of the fact that the trust agreement gave the beneficiaries, acting with the trustees, power to terminate the trust unless and until that power had been exercised. Elizabeth S. Sprague, 8 B.T.A. 173.

It is apparent from reading the trust agreement and the amendments that the purposes of the trust were not only to provide for the settlor's children but also, by accumulating income, to provide financial assistance to other trusts in which he was interested. It is significant, as bearing upon the defendant's contention, that the property of the trust was wholly derived from Shepherd Brooks, and none of it from the beneficiaries.

In extending the term of the trust, the beneficiaries were merely exercising a power granted to them by Shepherd Brooks in the instrument of 1912. They did not exercise any power in excess of what was granted.

On October 1, 1932, the trust had not terminated. Title to the property had not vested in the beneficiaries. They had undoubtedly vested remainders subject to be defeated by death. To proceed as if the trust had terminated and the property had been distributed to the beneficiaries and then conveyed upon a new trust, is to proceed upon an assumption which involves conditions contrary to fact.

While it is true that substance rather than form is to be regarded, it does not follow that the court would be warranted in "imputing to transactions a character substantially different from what they in

fact were in order to make them taxable." White v. Consolidated Equities, 1 Cir., 78 F.2d 435, 436.

Plaintiffs' motions for judgments are allowed.

Defendant's motions for judgments are denied.