Benjamin B. Morris, Appellant, v. The Broadview, Inc., Appellees.

Gen. No. 44,685.

NIEMEYER, J., dissenting.

Opinion filed June 20, 1949. Rehearing denied July 11, 1949. Released for publication July 18, 1949.

BENJAMIN B. MORRIS *pro se.*

ARVEY, HODES & MANTYNBAND, of Chicago, for certain appellees, and BERNARD YEDOR, of Chicago, for certain other appellees; GEORGE L. SIEGEL, of Chicago, and HENRY J. SHAMES, of counsel.

MR. PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff filed his complaint February 2, 1948, against the defendants, seeking to have a certain trust

terminated, for injunctive relief against said defendants, for an accounting from the trustees, and to compel the defendants to furnish plaintiff a list of the certificate holders, beneficiaries in said trust. A motion by defendants to strike the complaint was sustained, and the complaint was dismissed for want of equity, from which plaintiff appeals.

Plaintiff previously brought his suit against these defendants, asking for substantially the same relief except as to the relief with respect to the list of certificate holders. His previous complaint was dismissed by the chancellor, and on appeal this court affirmed the decree. *Morris v. The Broadview, Inc.,* 328 Ill. App. 267. For a statement as to the nature of the trust agreement in question, and its pertinent terms, and the similar questions raised in that appeal, as here presented, we refer to our opinion in the former appeal. What we there said concerning the power to extend the trust and the right of the trustees to acquire and deal in the trust certificates involved in this trust is controlling in this appeal, there having been no appeal from that judgment. The contention of plaintiff that the decision in *Olson v. Rossetter,* 330 Ill. App. 304, affirmed 399 Ill. 232, with respect to the power to extend the trust, is controlling in the instant case, is without merit. The provision of the trust agreement in *Olson v. Rossetter* is not like the one in question. In the case cited the trust agreement provided that the trust shall terminate ''in any event'' on the expiration date fixed in that trust agreement. The language ''in any event'' is not present in the instant trust agreement.

The further claim of plaintiff, that the notice in the instant case for the extension of the trust is subject to the same criticism as that directed against the notice given in *Olson v. Rossetter,* is also without merit. There is no solicitation for affirmative votes contained in the notice for the extension in the instant case.

There was in *Olson v. Rossetter*, which we condemned and termed a breach of trust.

The original trust agreement fixed July 14, 1939, as its termination. Pursuant to notice provided for in said trust agreement, the said trust agreement was twice declared extended by the defendants, the last extension effective as of July 11, 1947, and fixing the expiration date as July 14, 1949. The notice for the latter extension was sent out by the trustees June 27, 1947. The complaint alleges that plaintiff anticipating the action of the trustees, served a notice in writing upon the defendants, dated June 7, 1947, a copy of which notice is attached to the complaint and identified as exhibit "C" and further alleges that plaintiff stated in said notice that it was his desire to communicate with his fellow certificate holders "for the purpose of discussing with them the advisability of opposing any attempt by you to further extend the trust." The notice is addressed to the trustees and reads:

"As you know, I am a certificate holder of The Broadview, Inc., having held a large number of participation certificates for many years.

"It is my desire and, I think, the desire of the certificate holders generally, that the property in the trust be sold and the proceeds distributed. One method of accomplishing this is by refraining from extending the trust, and merely liquidating the property.

"With the above in mind, it is my desire to communicate with my fellow certificate holders for the purpose of discussing with them the advisability of opposing any attempt by you to further extend the trust, and insisting upon a sale of the property.

"For the above purpose I hereby and herewith make of you the following demands:

"1. That you make available to me or to my attorney or agent a correct and complete list of the names and

addresses of all certificate holders so that we may make a copy thereof and communicate with such certificate holders in person, or call a meeting to discuss with them the advisability of selling the property and terminating the trust.

"2. That you furnish me with a copy of the trust agreement in question.

"3. That you permit me or my attorney or agent to examine all the books and records of the corporation pertaining to the management of the property.

"4. That you inform me in detail what steps, if any, the trustees have taken within the past several years towards effecting a sale of the property and what offers, if any, for the purchase of the property were received, and, if so, what disposition was made of them.

"5. That you advise me in writing whether or not the trustees or any of them are now the owners or holders of certificates of beneficial interest in this trust and, if so, the names and addresses of the people who are holding such certificates for and on their behalf.

"You will be good enough to communicate with me in writing, stating when the information above requested will be made available to me."

The complaint further alleges that in response to said notice the defendants replied in writing under date of June 14, 1947, in which said defendants stated that they admit that under the provisions of the trust agreement, the plaintiff is entitled to the same rights with reference to the examination of the books and records of the trustees as are provided for shareholders of a corporation organized under the laws of the State of Illinois with respect to the books and records of an Illinois corporation, and offered to permit him to examine all the records of the trustees "with the

exception of the list of the names and addresses of certificate holders.''

The motion to strike the complaint admits the matters well pleaded in said complaint.

Section 36 of our Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 160; Jones Ill. Stats. Ann. 104.036] provides:

'' . . . In pleading any written instrument a copy thereof may be attached to the pleading as an exhibit. . . . . the exhibit shall constitute a part of the pleading *for all purposes*. . . .'' (Italics ours.)

Plaintiff previously sought the right to examine the list of certificate holders, and for that purpose filed his action for mandamus in the superior court of Cook county and alleged that his demand to examine the list was for a ''proper purpose,'' as required by section 45, chapter 32, Illinois Revised Statutes [Ill. Rev. Stat. 1947, ch. 32, par. 157.45; Jones Ill. Stats. Ann. 32.045]. An answer was filed to said petition, alleging facts showing that plaintiff had no such ''proper purpose,'' as required by the statute. Upon a hearing and evidence taken, the trial court directed the writ of mandamus to issue. Upon appeal to this court (*Morris v. The Broadview, Inc.*, 317 Ill. App. 436) the judgment of the superior court was affirmed. Upon further appeal to the Supreme Court (385 Ill. 228), the judgments of the superior court and this court were reversed and the cause remanded to the superior court for further proceedings. The Supreme Court held that one of the limitations in section 45 upon the right to examine the record in question was ''for proper purposes''; that the statute intended to limit the right of examination to ''an allegation and proof of a specified purpose which is proper and legitimate, for the protection of the stockholder's investment''; and that the plaintiff offered no proof of any purpose for making his demand. At page 235 the court said:

"In the instant case appellee offered no proof of any purpose for making his demand. Having failed to prove any proper purpose for demanding the list of holders of certificates of units of interest in the stock voting trust, the court was not justified in ordering a peremptory writ of *mandamus* to compel the production of the list. . . .

"Arbitrarily withholding a list from stockholders who are interested in protecting their investment is a practice not to be tolerated by the courts under our statute. The other extreme of exercising the right of inspection for speculative or other improper purpose is equally bad. The duty of the courts is to ascertain from the facts in each case the good faith of the respective parties and apply the remedy so as to administer justice between the parties in each case."

It is obvious from a reading of the opinion of the Supreme Court that the reason for its holding was that an issue having been raised by the answer as to the "proper purpose" of plaintiff in the mandamus action, it was incumbent upon the plaintiff to offer proof showing "proper purpose," and having failed to offer any proof, he was not entitled to the writ.

In the instant case, as already pointed out, the motion to strike the complaint admits the matters well pleaded. We are convinced from a reading of the complaint and the notice or demand for the list, which is attached to the complaint and which, under section 36 of the Practice Act, becomes a part of the complaint "for all purposes," that the complaint sufficiently alleges a "proper purpose" under section 45 of the Corporation Act. That plaintiff has a right to examine the list of certificate holders, for the purpose stated in his notice to the trustees, is clear from the opinion of the Supreme Court in the mandamus action and is a "proper purpose" under the statute. *Doggett v. North American Life Ins. Co.*, 328 Ill. App. 613. If

these defendants still insist, as they did in the mandamus action, that plaintiff has not the "proper purpose" under the statute in demanding the examination of the list of certificate holders, they should raise such an issue by an answer and cannot do so by a motion to strike. If, upon a hearing of that issue, the court should determine that the trustees rightfully denied to the plaintiff the list of certificate holders, then the last extension of the trust agreement, secured by the trustees pursuant to their notice, is effective and binding. If, on the other hand, the chancellor should correctly find that the trustees wrongfully denied to the plaintiff the list of certificate holders, as alleged in the complaint, then their procedure to secure the extension was irregular and invalid, and the extension so declared is not binding. The trustees under such circumstances would be guilty of abuse of power as trustees and a breach of their duty. As we said in *Morris v. The Broadview, Inc.*, 328 Ill. App. 267, at page 275:

"It is true, as contended by plaintiff, that the acquisition by the trustees of more than two thirds of the participation units would so entrench them that the remaining owners of units and beneficiaries under the trust could not remove the trustees, or prevent action of the trustees in extending the life of the trust or disposing of or holding the property of the corporation. However, if the trustees should so entrench themselves and should for selfish purposes attempt to extend the life of the trust, or deal with the corporate property to their advantage, the plaintiff or any other owner of a participation unit would then have a right of action to prevent or redress the violations of duty contemplated or committed by the trustees. Such right of action would be based, not on the unlawful acquisition of participation units, but upon abuse of power created by the lawful acquisition of such units."

We conclude that the chancellor was correct in dismissing that part of the complaint which sought to terminate the trust, for injunction, and accounting, but committed error in dismissing the complaint seeking the right to examine the list of certificate holders, as prayed for in the complaint.

The decree of the superior court is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded with directions.*

TUOHY, J., concurs.

NIEMEYER, J., dissents. In *Morris v. The Broadview, Inc.*, 385 Ill. 228, the court held that the legislative intent in enacting section 45 of the Business Corporation Act of 1933, on which plaintiff's claim to a list of certificate holders is based, "was to limit the right of examination to an allegation and proof of a specified purpose which is proper and legitimate, for the protection of the stockholder's investment." The only allegations in the complaint relating to plaintiff's right to the list of certificate holders are, that plaintiff served upon defendant a certain letter or notice in writing (set out verbatim in the majority opinion), a copy of which was attached to and made a part of the complaint as an exhibit, and that "in said letter or notice, plaintiff stated that it is his desire to communicate with his fellow certificate holders for the purpose of discussing with them the advisability of opposing an attempt by the trustees to further extend the trust, and insisting upon a sale of the real estate." This is merely an allegation of the service of the notice and of certain of its contents. It is not an allegation that plaintiff was demanding a list of certificate holders for the purpose stated in the notice. Denial of the allegation would deny only the service of the notice and its contents, as alleged. It would not create an issue as to the purpose for which plaintiff was seeking the list. There is no requirement, statutory or other-

wise, that the demand be in writing. It may be either written or oral, or partly oral and partly written. *Hohman v. Illinois-Iowa Power Co.*, 305 Ill. App. 17. It cannot be seriously contended that an allegation that plaintiff orally requested a list of certificate holders and stated at the time that he desired the list for the purpose of consulting with other certificate holders as to the advisability of opposing an extension of the trust and insisting on a sale of the property, would be an allegation that plaintiff in fact wanted the list for that specific purpose. The notice is a self-serving instrument prepared by plaintiff and is merely evidence of the demand he made on the defendant. It is not a written instrument upon which plaintiff's action is founded which section 36 of the Civil Practice Act requires to be attached to the complaint as an exhibit. It is not a writing binding the defendants. As said in 41 Am. Jur., Pleading, sec. 56: "However, where a statement in an exhibit is aside from the foundation of the action, it cannot control the averments of the complaint, and facts stated in a paper incorporated in a pleading are not to be treated as alleged . . . ." (Citing *Ryan v. Curran*, 64 Ind. 345, 352, and *Quinn v. Valiquette*, 80 Vt. 434, 442.) Also see *Western Union Tel. Co. v. State ex rel. Hammond El. Co.*, 165 Ind. 492. The court is under as great an obligation to protect a corporation or trust against the production of a list of its stock or certificate holders for improper purposes as it is to protect a minority stock or certificate holder from arbitrary action or exploitation by those who are their agents and trustees. *Morris v. The Broadview, Inc., supra.*

The trial court did not err in striking the complaint and dismissing the suit.