Mildred SEXTON, Executor of the Last Will of Bertha Birk Klein, Deceased, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 13494.

United States Court of Appeals Seventh Circuit.

March 22, 1962.

Rehearing Denied April 18, 1962.

Gene C. Davis, Robert F. Hanley, Edward E. Gibson, Chicago, Ill., for appellant, Isham, Lincoln & Beale, Chicago, Ill., of counsel.

Louis F. Oberdorfer, Asst. Atty. Gen., John A. Bailey, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C.,

James P. O'Brien, U. S. Atty., Chicago, Ill., Lee A. Jackson, I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Plaintiff, Mildred Sexton, executor of the last will of Bertha Birk Klein, deceased, brought this action for refund of federal estate taxes. The requested refund represented the payment of a deficiency of $67,928.87, plus interest, asserted against the estate and attributable to the inclusion in the gross estate of $317,493.72 as the value of decedent's interest under a trust agreement known as the "Jacob Birk Realty Agreement." The District Court denied the refund and this appeal followed.

The case was submitted to the trial court on a stipulation of agreed facts. The trust was established in 1918 by Jacob Birk. Its corpus consisted of certain real estate in Cook County, Illinois. The decedent was one of seven children of Jacob Birk named as beneficiaries. In the event of the death of the children before the termination of the trust their respective interests in it were devisable and descendable to only lineal descendants of the settlor.

The trust agreement gave the trustees broad power to control and manage the property held in trust. It provided that the beneficiaries had only an interest in the income or net avails or proceeds of the trust property.

Article VI of the trust agreement provided that the trust "shall terminate at the expiration of twenty years after the death of said Jacob Birk." Jacob Birk died March 2, 1920; consequently, the prescribed termination date would be March 2, 1940, at which time the trustees were to divide the corpus among the beneficiaries in proportion to the value of their respective interests.

Article V of the agreement stated that the trust instrument "may be amended and modified from time to time by an instrument in writing, delivered to the Trustees, signed by the Beneficiaries owning and holding at least two-thirds in value of the certificates issued hereunder by the Trustees, and by at least a majority of the then existing Trustees."[1]

On January 18, 1940 all of the trustees and all of the beneficiaries joined in executing the first of three purported extensions of the duration of the trust. This instrument amended Article VI so that the termination date would be thirty rather than twenty years after the settlor's death.

On February 20, 1950 a second purported extension of the trust was undertaken by the owners of at least two-thirds in value of the beneficial interests and all the trustees. This amendment provided that the trust was to terminate thirty-five years after the death of Jacob Birk. Thus, the trust was purportedly extended to March 2, 1955. A third purported extension of the trust was undertaken on January 31, 1955 by not less than two-thirds of the beneficial interests and by all the trustees. This amendment purportedly extended the termination date to March 2, 1965. The decedent died on October 22, 1955.

The government's first contention is that the original trust terminated on March 2, 1940 according to its original terms because under Illinois law the general power to amend contained in Article V did not include a power to extend so fundamental a provision as the termination date absent a specific indication that this was intended by the settlor; consequently, the purported extension in 1940 was in effect a new trust created by the beneficiaries resulting in a trans-

---

1. Three of the original beneficiaries were named as trustees by Jacob Birk. An amendment of December 8, 1933 provided for four successor trustees, all original beneficiaries. By the terms of this amendment decedent succeeded to the position of trustee in 1937.

fer by decedent of an interest in property within the meaning of Sections 2036, 2037, and 2038 of the Internal Revenue Code. 26 U.S.C. §§ 2036, 2037 and 2038.

We must look to Illinois law to determine whether the trust was validly extended beyond March 2, 1940, the termination date specified in the trust agreement. The government relies upon Olson v. Rossetter, 399 Ill. 232, 77 N.E. 2d 652, and plaintiff relies upon Morris v. The Broadview, Inc., 328 Ill.App. 267, 65 N.E.2d 605 and Morris v. The Broadview, Inc., 338 Ill.App. 99, 86 N.E. 2d 863. The first Morris case was decided before Olson and the second Morris case was decided after Olson.

Both Olson and the Morris cases involved an attempted amendment to extend the termination date of voting trusts created in reorganization proceedings under the Bankruptcy Law. In Olson the Illinois Supreme Court held that a trust agreement which provided that the trust "shall terminate in any event" on a certain date could not be amended so as to extend that date even though another section of the trust agreement provided that the trustees could amend, alter or modify the trust agreement. The object in construing the instrument was to ascertain the intent of the parties to the trust agreement and the court held that the words "in any event" gave sufficient indication that it was not intended that the power to amend should extend to the termination date.

The two Morris cases, involving the same trust agreement, were decided by the Illinois Appellate Court. The court allowed an extension of the termination date of the trust agreement by an amendment by the trustees acting under a provision in the agreement giving them the general power to amend, alter or modify. Olson was distinguished by the Appellate Court primarily on the ground that the Olson trust agreement contained the words "in any event" in reference to the termination date which the Morris trust agreement did not.

We are aware that in construing the instant trust agreement we must attempt to ascertain the intent of the settlor and this necessarily means that the instrument must be considered as a whole and in context with its entire factual setting. It is apparent, however, that in Olson it was the words "in any event" which enabled the court to ascertain the settlor's intent. In Morris as in the instant case this language is not present. Furthermore, in our view there is nothing in the instant trust agreement which distinguishes it from the Morris trust agreement. Consequently, we hold that the Jacob Birk trust construed in accordance with Illinois law does not indicate an intent of the settlor that the general power to amend should not apply to the termination date.

The government's second contention is that even though the trust was validly extended and did not terminate in 1940, the result for federal estate tax purposes should be the same as if it had terminated. The government's position is that while local law determines the nature of a decedent's interest in property, federal law dictates which property interests should be includible in a decedent's gross estate. It argues that the 1940 amendment of the Jacob Birk Realty Agreement extending the duration of the trust was tantamount to a transfer of the decedent's property with retention of interests within the meaning of Sections 2036, 2037 and 2038.

Plaintiff, on the other hand, argues that these sections of the Internal Revenue Code apply only if the decedent made a transfer of a property interest and that Article III of the trust agreement specifically provided that the beneficiaries should have no interest in the corpus of the trust but "only an interest in the income." Plaintiff further contends that because of the power to amend in Article V decedent had no absolute right to her pro rata share of the trust corpus at the expiration of the twenty-year period; that by a vote of the trustees and two-thirds of the beneficial interests the duration could have been extended without decedent's consent; and therefore decedent had only an expectan-

cy in the corpus and no power to secure or transfer her interest in it.

■ A relinquishment of a right may be considered a transfer of property for federal tax purposes. Cerf v. Commissioner, 3 Cir., 141 F.2d 564. In view of our holding that the Jacob Birk trust could be validly extended beyond its original terminal date, the tax liability depends upon whether the decedent had a right to receive her equal share of the trust corpus in 1940 and, if so, whether she relinquished such right by joining in the extension of the trust.

■ Plaintiff contends that decedent could not relinquish a right to an equal share of the corpus which share would have been hers in 1940 if there had been no extension of the trust. According to plaintiff, decedent did not have a right to the corpus because she could not unilaterally prevent the extension of the trust if two-thirds of the beneficial interests and the trustees desired to extend; consequently, she relinquished no *right* to property when she joined in the 1940 extension.

Plaintiff's argument might be persuasive if decedent had not in fact joined with the other beneficiaries to extend the trust. In 1940, however, *all* beneficiaries joined in the amendment extending the trust for ten years. This joint action unquestionably constituted a relinquishment by the group, severally and jointly, of the property interests in the corpus which would have been distributed to them absent an extension of the trust. Actually, therefore, decedent by participating in the group action affirmatively acted to relinquish her right to her share of the trust corpus.

Although decedent's right to her share of the corpus might have been postponed without her consent by two-thirds of the beneficial interests and the trustees, this in fact did not happen. Looking at the critical 1940 amendment it is apparent that what did happen was that *each* beneficiary postponed his or her *right* to receive an equal share of the trust corpus. Since the postponement prevented the beneficiaries from receiving their respective shares of the corpus we conclude that the action of postponement participated in by the decedent was a relinquishment of her property right.

A further indication that the initial extension in 1940 by amendment was a surrender by each beneficiary of his or her right to the corpus at the termination date is contained in the amendment itself. This amendment unlike other amendments specifically recited that the action to extend was being taken by all the beneficiaries and the trustees.

We have considered the rationale expressed in Brooks v. Welch, D.C., 25 F. Supp. 819, cited by plaintiff, and reject it insofar as it is inconsistent with our holding.

Once it is determined that decedent relinquished a property interest, there can be no doubt that the value of decedent's equitable share in the trust corpus is taxable at least under Section 2036(a) (1) [2] Decedent affirmatively relinquished her right to receive her share in the corpus and thereby is considered to have made a transfer of her property interest in the corpus. The transfer was with a retained interest—an interest in the income of the trust for her life. This is sufficient to make the transfer includible in decedent's gross estate under Section 2036.

The judgment of the District Court is affirmed.

2. "(a) *General Rule.*—The value of the gross estate shall include the value of all property * * * to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he had retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—

"(1) the possession or enjoyment of, or the right to the income from, the property, or * * *."